**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| FLETA CHRISTINA COUSIN SABRA )<br>)<br>    *Plaintiff,* )<br>)<br>v. )<br>)<br>U.S. CUSTOMS AND BORDER )<br>PROTECTION, )<br>)<br>    *Defendant.* ) | Civil Action No.: 1:20-cv-681-CKK |

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 12(c) and LCvR 7, Plaintiff Fleta Christina Cousin Sabra ("Plaintiff") respectfully moves for judgment on the pleadings on Count I of her Complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant U.S. Customs and Border Protection ("CBP"). Docket Entry (DE) 1.

As good cause for this Motion, Plaintiff states that she filed an expedited processing FOIA request with CBP on May 5, 2017. DE 1 (Compl.) ¶¶ 9, 74; DE 5 (Answer) ¶¶ 9, 74. CBP failed to respond to Plaintiff's FOIA request, or to her request for expedited processing. Compl. ¶¶ 10, 77; Answer ¶¶ 10, 77.

Based on these undisputed facts, CBP has violated the 10-day limit set forth by Congress for making an expedited processing determination. 5 U.S.C. § 552(a)(6)(E)(ii)(I). Plaintiff is consequently entitled to judgment as a matter of law that Defendant has violated the FOIA by failing to process her expedited processing request within ten days allowed by law.

The undisputed, admitted material facts before the Court demonstrate that CBP has also failed to comply with the FOIA's requirement that, upon receiving a properly

addressed and formatted request to the correct agency component, the agency "shall make the records *promptly* available to the person." 5 U.S.C. § 552(a)(3)(A). Plaintiff is consequently entitled to judgment as a matter of law that Defendant has violated the FOIA by unlawfully withholding agency records through failing to "make the records promptly available" to her.

A memorandum of points and authorities in support of Plaintiff's Motion and a Proposed Order are filed simultaneously herewith.

### Certification of Conferral under LCvR 7(m)

Counsel for the Plaintiff attempted to confer with counsel for the government regarding this Motion by emailing notification to CBP's counsel that Plaintiff intended to file this Motion on April 22, 2020. Plaintiff's counsel request for CBP's position on the Motion no later than May 1, 2020. Counsel for the government responded by email six days later, on April 28, 2020, to say that "the agency has completed its search and has located potentially responsive records, including three audio and video recordings." Counsel for the government further related:

> The agency further advised that it currently anticipates providing an interim release of non-exempt, responsive records by the end of May, that it may need more time to process the records located through its recently completed email search, and that it will need more time to process the audio and video recordings. The agency has advised that it does not currently have access to one large video, which is too large to upload to its system, and will not be able to access to it while COVID-19 restrictions are in effect

On April 29, 2020, in a continued effort to confer regarding this Motion, Counsel for the Plaintiff asked counsel for the government to state no later than May 1, 2020:

(1) Whether CBP has adjudicated Plaintiff's expedited processing request?
(2) If so, on what date?
(3) If CBP adjudicated the request, whether it was granted or denied?
(4) If it was denied, a written basis for the denial; and

(5) If it was granted, CBP's anticipated date of production.

Plaintiff received no response to this request, and no further communication from counsel for the government, in the more than three weeks that have transpired since sending it. Prior to filing this Motion, on May 22, 2020, Plaintiff's counsel once again attempted to confer with counsel for CBP. Defendant's counsel asked plaintiff's counsel to refrain from filing plaintiff's anticipated motion for judgment on the pleadings.

This conferral report is provided in compliance with LCvR 7, and is provided for that purpose. Plaintiff respectfully submits that it should not form the basis for converting this Motion into one for Summary Judgment, as Plaintiff does not rely on any of these facts in support of judgment on the pleadings, and no facts are in dispute, based on the pleadings, which the parties' conferral may resolve.

In sum, CBP's response to Plaintiff's request admittedly violates the timing provisions of the FOIA, necessitating this Court's assistance. The question now is whether and when CBP intends to remedy these violations. After more than three years of failing to discharge its obligations, CBP admits it has not provided Plaintiff with the expedited processing adjudication required by law, or with the records she seeks. In light of these admissions, Judgment on the Pleadings is proper, and a permanent injunction requiring CBP to search for and release agency records "promptly" is necessary.

Dated: May 21, 2020                                  Respectfully submitted,

/s/ R. Andrew Free
**R. ANDREW FREE, No. 30513**
P.O. Box 90568
Nashville, TN 37209
Tel. 844-321-3221
Fax: 615-829-8959
Andrew@immigrantcivilrights.com