**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FLETA CHRISTINA COUSIN SABRA | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:20-cv-681-CKK |
| | ) | |
| U.S. CUSTOMS AND BORDER PROTECTION, | ) ) | |
| | ) | |
| *Defendant.* | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF JUDGMENT ON THE PLEADINGS**

**Introduction**

Pursuant to Fed. R. Civ. P. 12(c) and LCvR 7, Plaintiff Fleta Christina Cousin Sabra ("Plaintiff") respectfully moves for partial judgment on the pleadings on Count I of her Complaint, [Dkt. No. 1] under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant U.S. Customs and Border Protection ("CBP"). Specifically, she seeks judgment as a matter of law that (1) CBP has violated the FOIA by failing to adjudicate her expedited processing request within the ten-day period provided by law, and (2) CBP has violated the FOIA by failing to make records promptly available to her in the three years since she sought them.

The facts underlying this Motion are undisputed. The law is straightforward. CBP admits that it has failed to adjudicate Plaintiff's expedited processing request within the more than three years since she filed it – much less the 10 days allowed by law. She is consequently entitled to judgment as a matter of law, and an injunction requiring CBP to promptly make this determination and produce records without further delay.

1

## Undisputed Material Facts

Plaintiff filed an expedited processing FOIA request with CBP on May 5, 2017. DE 1 (Compl.) ¶¶ 9, 74; DE 5 (Answer) ¶¶ 9, 74. CBP failed to respond to Plaintiff's FOIA request and failed to adjudicate her request for expedited processing. Compl. ¶¶ 10, 77; Answer ¶¶ 10, 77.

## Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Judgment on the pleadings is available to movants who can show that no issue of material fact remains, and she is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c). *Terry v. Reno*, 101 F.3d 1412, 1423 (D.C. Cir. 1996). Courts reviewing motions under Rule 12(c) apply "essentially the same" standard as that applied under Rule 12(b)(6). *Konah v. D.C.*, 915 F. Supp. 2d 7, 18 (D.D.C. 2013). Review is limited to only the facts in the pleadings, any documents attached to or incorporated into the complaint, matters of which the Court may take judicial notice, and matters of public record. *Id.* at 19. The Court must view all facts presented in a light most favorable to the non-moving party. *Id.* (citing *Peters v. Nat'l R.R. Passenger Co.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992)).

As this Court has previously recognized, Rule 12(c) motions are a proper vehicle for obtaining orders requiring production in FOIA cases. *See, e.g.*, *Government Accountability Project v. U.S. Department of Health & Human Services*, 568 F. Supp. 2d 55, 56 (D.D.C. 2008) (granting FOIA requestor judgment on the pleadings and ordering the agency to release documents on a rolling basis).

//

**Argument**

**A. Plaintiff is Entitled to Judgment as a Matter of Law That CBP Violated the Expedited Processing Provisions of the FOIA.**

Plaintiff is entitled to judgment as a matter of law that CBP violated the Act by failing to adjudicate her expedited processing request within the ten days prescribed by law. Nearly three years after she submitted this request, CBP admitted in its pleading that it still has not made an expedited processing determination. DE 5 ¶¶ 10, 77. Congress requires agencies in receipt of expedited processing requests to adjudicate those requests in ten working days or less. 5 U.S.C. § 552(a)(6)(E)(ii)(I). CBP's admitted failure to comply with this provision of law entitles Plaintiff to judgment as a matter of law that CBP has violated this expedited processing provisions of the FOIA. 5 U.S.C. § 552(a)(4)(B) (the court "has jurisdiction to the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.").

**B. Plaintiff is Entitled to Judgment as a Matter of Law That CBP Violated the FOIA's Mandate to Make Records Promptly Available to Her.**

Finally, the undisputed facts before the Court demonstrate that CBP has failed to comply with the FOIA's requirement that, upon receiving a properly addressed and formatted request to the correct agency component, the agency "shall make the records *promptly* available to the person." 5 U.S.C. § 552(a)(3)(A). Three years after her request, and more than two months after she filed this action, CBP has failed to provide any responsive records. CBP has thus failed to make the requested records promptly available. Plaintiff is therefore entitled to judgment as a matter of law in her favor, and an order requiring CBP to commence production of records. *Gov't Accountability Project*, 568 F. Supp. 2d at 56.

## Conclusion

Based on the foregoing, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor that CBP has violated the FOIA by failing to adjudicate Plaintiff's expedited processing request within the statutory period allotted, and by failing to make promptly available records responsive to this request. Plaintiff respectfully seeks an order requiring CBP to complete its search, review, and production no later than August 1, 2020. A proposed order accompanies this filing.

Dated:  May 21, 2020                          Respectfully submitted,

/s/ R. Andrew Free
**R. ANDREW FREE, No. 30513**
P.O. Box 90568
Nashville, TN 37209
Tel. 844-321-3221
Fax: 615-829-8959
Andrew@immigrantcivilrights.com
*Counsel for the Plaintiff*