**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FLETA CHRISTINA C. SABRA,
      Plaintiff,

    v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION,
      Defendant.

Civil Action No. 20-681 (CKK)

**MEMORANDUM OPINION**
(March 2, 2021)

This lawsuit arises from a Freedom of Information Act ("FOIA") request made by

Plaintiff Fleta Christina C. Sabra ("Plaintiff") to Defendant United States Customs and Border

Protection ("Defendant"). Plaintiff sought records regarding an encounter with Customs and

Border Protection agents at a port of entry in California in September 2015, and Defendant's

subsequent investigation thereof. *See* Compl. ¶¶ 2, 9, ECF No. 1. Currently before the Court is

Plaintiff's [7] Motion for Judgment on the Pleadings, in which Plaintiff seeks judgment as a

matter of law on her claims that (1) Defendant failed to adjudicate her request for expedited

processing within the 10-day period required by FOIA; and (2) that Defendant has violated FOIA

by failing to "make records promptly available to her in the three years since she sought them."

Pl.'s Mot. at 1. Upon review of the pleadings,[1] the relevant legal authority, and the record as a

whole, the Court finds that Plaintiff has not demonstrated that she is entitled to judgment on the

pleadings as to either claim. Accordingly, the Court DENIES Plaintiff's motion.

---

[1] The Court's consideration has focused on the following documents: Plaintiff's Motion for
Judgment on the Pleadings ("Pl.'s Mot."), ECF No. 7; Defendant's Opposition to Plaintiff's
Motion for Judgment on the Pleadings ("Def.'s Opp'n"), ECF No. 12; and Plaintiff's Reply in
Support of Judgment on the Pleadings ("Pl.'s Reply"), ECF No. 13.

# I.   BACKGROUND

Plaintiff alleges that on September 11, 2015, she was unlawfully detained and physically assaulted by Customs and Border Patrol agents at a port of entry in Southern California. Compl. ¶¶ 2-3, ECF No. 1. On May 5, 2017, Plaintiff submitted to Defendant a FOIA request seeking "[a]ll agency records" including "video, database entries, photographs, communications . . ., memoranda, investigative reports, and other things" related to Plaintiff's encounter with CBP. *Id.* ¶¶ 74-75. Plaintiff requested expedited processing of her FOIA request. *Id.* ¶ 9. On May 9, 2017, Defendant assigned Plaintiff's FOIA request a tracking number and placed it on the "Simple Track" for processing. *Id.* ¶ 76. Plaintiff claims that as of March 9, 2020—the date she filed her Complaint in this action—Defendant had neither responded to Plaintiff's FOIA request nor adjudicated her request for expedited processing. *Id.* ¶ 77. In its Answer, Defendant admits that as of March 9, 2020, it had "not issued a final response to Plaintiff's May 5, 2017 FOIA request or a response to Plaintiff's request for expedited processing." Answer ¶ 77, ECF No. 5. Plaintiff claims that she received an email from Defendant on May 25, 2020 notifying her that her request for expedited processing had been denied. *See* Pl.'s 6/9/20 Status Rep. at 5, ECF No. 9.

On May 21, 2020, Plaintiff filed her present Motion for Judgment on the Pleadings, in which she argues that she is entitled to judgment as a matter of law as to Count I of her Complaint, specifically that (1) Defendant violated the expedited processing provisions of FOIA and (2) Defendant failed to make records "promptly available" to her. Pl.'s Mot. at 3.

On June 1, 2020—while they were still briefing Plaintiff's Motion—the parties each filed a status report. Both parties indicated that Defendant had completed its search for potentially responsive records and that it was "currently processing" 13,794 pages of potentially responsive records, three audio files, and video files comprising "several hours." *See* Pl.'s 6/1/20 Status

Rep. at 2; Def.'s 6/1/20 Status Rep. at 2, ECF No. 11. Both parties also noted that Defendant

made its first production of responsive, non-exempt documents to Plaintiff on May 29, 2020. *See*

Pl.'s 6/1/20 Status Rep. at 2, 8; Def.'s 6/1/20 Status Rep. at 2.

The parties filed additional individual status reports on August 12, 2020. Defendant

stated that it had completed its review of potentially responsive records and had released 143

pages with redactions to Plaintiff on June 11, 2020 and subsequently released a "modified"

version of those pages on June 23, 2020. *See* Def.'s 8/12/20 Status Rep. at 2, ECF No. 14.

Defendant also indicated that it had completed its review of three audio records and one video

file and released redacted versions to Plaintiff on July 7, 2020 and August 10, 2020. *Id.*

Defendant noted that the only records remaining to be processed were seven video files with

associated audio totaling 102 minutes of footage. *Id.* Due to the "inconsistent quality of videos"

and the "time required to apply redactions," Defendant indicated that its "best current estimate"

to complete its review was "two to eight months." *Id.* Plaintiff indicated in her status report that

she was "in receipt of what [Defendant] appears to believe are all responsive agency records

other than a limited number of video and audio files," but contested the adequacy of Defendant's

search and its exemption claims. *See* Pl.'s 8/12/20 Status Rep. at 1, ECF No. 15. Plaintiff also

requested that the Court hold a status conference due to purported difficulties conferring with

counsel for Defendant. *Id.* at 7-8.

The Court held a status conference on August 21, 2020, during which the Court discussed

with the parties the status of Defendant's response to Plaintiff's FOIA request and Plaintiff's

pending motion. *See* 8/21/20 Minute Order. The Court found that Defendant's estimate that

processing the remaining video files would take from two to eight months was not reasonable,

and ordered Defendant to file a notice providing an updated timeline to complete this process. *Id.*

The Court further noted that it would hold in abeyance Plaintiff's Motion for Judgment on the

Pleadings pending an update from the parties regarding remaining disputes. *Id.*

Defendant subsequently notified the Court that it would complete its processing of

remaining video files by October 31, 2020. Def.'s Notice, ECF No. 17. On November 12, 2020,

the parties filed a Joint Status Report indicating that Defendant had released the remaining video

files, provided a draft *Vaughn* Index, and had made a supplemental production to Plaintiff of

records relating to other individuals traveling with Plaintiff during her encounter with CBP

agents in September 2015. *See* Joint Status Report at 1, ECF No. 19.  In their next Joint Status

Report on December 15, 2020, the parties requested that the Court enter a summary judgment

briefing schedule, noting that Plaintiff intends to challenge the adequacy of Defendant's search

for responsive records and the propriety of its claimed withholdings. *See* Joint Status Report at 1,

ECF No. 20. The Court entered the schedule requested by the parties. *See* 12/18/20 Minute

Order.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits any party to move for judgment on the

pleadings "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P.

12(c). A motion brought under Rule 12(c) is "designed to dispose of cases where the material

facts are not in dispute and a judgment on the merits can be rendered by looking at the substance

of the pleadings and any judicially noted facts." *Tapp v. Wash. Metro. Area Transit Auth.*, 306 F.

Supp. 3d 383, 391 (D.D.C. 2016) (internal citations and quotations omitted).

"Because Rule 12(c) provides judicial resolution at an early stage of a case, the party

seeking judgment on the pleadings shoulders a heavy burden of justification." *District No. 1 Pac.*

*Coast Dist., Marine Engineers Beneficial Ass'n AFL-CIO v. Liberty Maritime Corp.*, 933 F.3d

751, 760 (D.C. Cir. 2019). The moving party "must demonstrate its entitlement to judgment in its favor, even though the 'court evaluating the 12(c) motion will accept as true the allegations in the opponent's pleadings and as false all controverted assertions of the movant.'" *Id.* at 760-61 (quoting *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n. 11 (D.C. Cir. 1987) (collecting cases), *abg'd on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006)). A judgment on the pleadings "is not appropriate if there are issues of fact which if proved would defeat recovery." *Id.* (internal citations omitted); *see also Judicial Watch, Inc. v. U.S. Dep't of Energy*, 888 F. Supp. 2d 189, 191 (D.D.C. 2012) ("The moving party must show that no material issue of fact remains to be solved.").

### III.   DISCUSSION

Plaintiff argues that she is entitled to judgment on the pleadings as to her claims that Defendant violated FOIA by failing (1) to respond to her request for expedited processing request within 10 days and (2) to make records "promptly available" to her. Pl.'s Mot. at 1. The nature of the relief Plaintiff seeks is not entirely clear; she requests that "the Court enter judgment in [her] favor that Defendant has violated FOIA" and that the Court "order" Defendant "to complete its search, review, and production." *Id.* at 3. Then, in her Reply, Plaintiff asks the Court to "[d]eclare that [Defendant] violated" FOIA's requirements to respond to requests for expedited processing within 10 days and to make records "promptly available." Pl.'s Reply at 9. Accordingly, the Court construes Plaintiff's motion as seeking both injunctive and declaratory relief  based on her claims that Defendant has failed to respond to her expedited processing request and to make records "promptly available." The Court finds that neither form of relief is appropriate at this time, and so shall deny Plaintiff's motion.

FOIA requires federal agencies to "make available to the public information." 5 U.S.C. § 552(a). The purpose of providing information to the public is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1976). To achieve this goal, FOIA requires that an agency determine, within twenty working days, whether or not to comply with a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I). Once the agency makes such a determination, FOIA requires the agency to make the records "promptly available." *Citizens for Resp. & Ethics in Wash v. Fed. Elec. Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (citing § 552(a)(3)(A), (a)(6)(C)(i)). In 1996, Congress passed the Electronic Freedom of Information Act Amendments, which—among other things—added to FOIA "a requirement that agencies provide for expedited processing of requests in certain cases." § 552(a)(6)(E). Each agency must "promulgate regulations . . . providing for expediting processing of requests for records." § 552(a)(6)(E)(i). Such regulations "must ensure" that "a determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request within 10 days after the date of the request." § 552(a)(6)(E)(ii)(I). An agency's failure "to respond in a timely manner" to a request for expedited processing is subject to judicial review. § 552(a)(6)(E)(iii).

Plaintiff's motion for judgment on the pleadings relies on Defendant's purported failure to comply with FOIA's timing requirements. Although Defendant admits that as of March 9, 2020, it had "not issued a final response to Plaintiff's May 5, 2017 FOIA request or a response to Plaintiff's request for expedited processing," Answer ¶ 77, that alone does not warrant judgment in Plaintiff's favor. *See Hainey v. Dep't of Int.*, 925 F. Supp. 2d 34, 42 (D.D.C. 2013) ("While the Court agrees that the Department's responses were untimely under the statute, the

Department's untimely responses, in and of themselves, do not entitle Hainey to judgment in her favor."); *Richardson v. Dep't of Justice,* 730 F.Supp.2d 225, 231–32 (D.D.C. 2010) ("The timing of an agency's release of records responsive to a FOIA request does not determine whether the agency has complied with its obligations under the FOIA."); *cf. Landmark Legal Found. v. EPA,* 272 F.Supp.2d 59, 68 (D.D.C. 2003) ("[A] lack of timeliness or compliance with FOIA deadlines does not preclude summary judgment for an agency, nor mandate summary judgment for the requester.").

Plaintiff cites no legal authority supporting her proposition that she is entitled to declaratory relief based on Defendant's failure to respond timely to her request for expedited processing or its purported failure to make records "promptly available." To the contrary, the weight of legal authority in this circuit indicates that declaratory judgment in the FOIA context is reserved for cases involving "policy or practice" violations where agencies "engage in patterns or have policies of denying FOIA requests."[2] *Middle East Forum v. Dep't of Treasury*, 317 F. Supp. 3d 257, 265 (D.D.C. 2018) (citing *COMPTEL v. Fed. Commc'ns Comm'n*, 910 F. Supp. 2d 100, 127 (D.D.C. 2012)). But courts have declined to grant declaratory judgment in cases involving a federal agency's failure to adhere to FOIA's timing requirements in response to individual requests. *See, e.g. Middle East Forum v. U.S. Dep't of Treasury*, 317 F. Supp. 3d 257, 265 (D.D.C. 2018) ("The typical remedy for FOIA violations is an injunction from the district court compelling production."); *see also Edmonds Inst. v. U.S. Dep't of Interior*, 383 F. Supp. 2d 105, 111 (D.D.C. 2005) ("The FOIA status offers a clear and simple remedy for agency non-

---

[2] Here, Plaintiff pleaded a claim of a "policy or practice" violation in Count II of her Complaint. *See* Compl. ¶¶ 85-90. But Plaintiff only moved for judgment on the pleadings as to Count I of her Complaint. *See* Pl.'s Mot. at 1. Accordingly, the Court shall not address at this stage Plaintiff's claims regarding Defendant's alleged "pattern-and-practice of violating the 10-Day Rule." *See* Pl.'s Reply at 4.

compliance with the FOIA deadlines: a motion asking the court to compel the agency to act on

the FOIA request.").

These decisions rely on the notion that declaratory judgment "should be entertained

where the judgment will serve a useful purpose in clarifying and settling the legal relations in

issue, and when it will terminate and afford relief from the uncertainty, insecurity, and

controversy giving rise to the proceeding." *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925

F.2d 556, 562 (2d Cir. 1991). "The goal of declaratory relief is to clarify in an expeditious

manner the rights, liabilities, and other legal relationships between adverse parties." *Inst. for*

*Policy Studies v. C.I.A.*, 885 F. Supp. 2d 120, 152 (D.D.C. 2012) (internal citations and quotation

marks omitted). Accordingly, if the remedy sought "is a mere declaration of law without

implication for practical enforcement upon the parties," declaratory judgment is not appropriate.

*Navigators Ins. Co. v. U.S. Dep't of Justice*, 155 F. Supp. 3d 157, 168 (D. Conn. 2016). Because

Defendant has produced records in response to Plaintiff's FOIA request,[3] *see supra* Part I, a

declaratory judgment that Defendant failed to comply with FOIA's timing requirements has no

"implication for practical enforcement" with respect to these parties. Declaratory judgment at

this stage, therefore, is inappropriate.

The Court finds that the injunctive relief requested by Plaintiff is similarly unwarranted.

An order compelling the agency to produce records improperly withheld is the typical remedy

for a FOIA violation. *See Middle East Forum*, 317 F. Supp. 3d at 265. But, as other courts in this

jurisdiction have explained, "[o]nce an agency has made its final determination under

---

[3] The Court makes no findings at this stage as to whether Defendant's search efforts were adequate or whether its withholding determinations were warranted. The Court has ordered a summary judgment briefing schedule, as requested by the parties, and the Court shall address these issues, if applicable, upon resolution of those motions. *See* Joint Status Repot, ECF No. 20; Dec. 18, 2020 Minute Order.

§ 552(a)(6)(A), the *timeliness* of that determination is no longer a live controversy fit for judicial review." *Muttit v. Dep't of State*, 926 F. Supp. 2d 284, 296 (D.D.C. 2013); *see also Atkins v. Dep't of Justice*, No. 90–5095, 1991 WL 185084, at *1 (D.C. Cir. Sept. 18, 1991) ("The question whether [the agency] complied with the [FOIA's] time limitations in responding to [the plaintiff's] request is moot because [the agency] has now responded to this request."); *Judicial Watch. Inc. v. U.S. Naval Observatory*, 160 F. Supp. 2d 111 (D.D.C. 2001) (holding that the court "no longer has subject matter jurisdiction over the claim that defendant failed to expedite processing of plaintiff's request" if the defendant has "provide[d] a complete response to the request for records"); *Landmark Legal Found. v. EPA,* 272 F. Supp.2d 59, 68 (D.D.C. 2003) ("[A] lack of timeliness or compliance with FOIA deadlines does not preclude summary judgment for an agency, nor mandate summary judgment for the requester.").

In her motion, Plaintiff requests that the Court "order [Defendant] to provide a date certain by which it expects to complete its review and produce non-exempt, responsive records" within 30 days of such an order. *See* Pl.'s Reply at 9. But here such an order would not have any practical effect, as Defendant has already produced responsive materials. *See* s*upra* Part I; *Muttitt*, 926 F. Supp. 2d at 296 ("[I]t appears that an important question to ask in determining whether a requester's claim regarding the denial of a request for expedited processing is moot is what relief the requester still has available if the denial is deemed incorrect."). Although the Court does not resolve at this point whether Defendant's response is "complete" under FOIA, *see supra* note 3, injunctive relief compelling Defendant to process Plaintiff's FOIA request is not warranted because Defendant has provided its response. The Court shall address the parties' arguments related to the adequacy of Defendant's search and exemptions, if appropriate, upon resolution of their cross-motions for summary judgment.

9

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for judgment on the

pleadings. An appropriate Order accompanies this Memorandum Opinion.


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge