UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FLETA CHRISTINA C. SABRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-00681-CKK |
| | ) | |
| U.S. CUSTOMS AND BORDER PROTECTION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

BACKGROUND ......................................................................................................... 1

LEGAL STANDARD ................................................................................................. 1

ARGUMENT .............................................................................................................. 3

   A.  CBP Conducted Searches Reasonably Calculated to Uncover Responsive Records ......... 4

   B.  CBP Properly Applied FOIA Exemptions to Withhold Limited Records ......................... 7

      1.  FOIA Exemption (b)(5), 5 U.S.C. § 552(b)(5) ................................................... 7

      2.  FOIA Exemption (b)(6), 5 U.S.C. § 552(b)(6) ................................................... 8

      3.  FOIA Exemption (b)(7)(C), (E), (F), 5 U.S.C. § 552(b)(7)(C), (E), (F) ....................... 11

   C.  CBP Properly Conducted a Segregability Analysis ......................................................... 15

CONCLUSION .......................................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................................... 1, 3

*Armstrong v. Executive Office of the President*, 97 F.3d 575 (D.C. Cir. 1996) .......................... 15

*Bartko v. U.S. Dep't of Justice*, No. 13-1135 (JEB), 2015 WL 9272833 (D.D.C. Dec. 18, 2015) ................................................................................................................................................ 13

*Blackwell v. CBP*, 646 F.3d 37 (D.C. Cir. 2011) ........................................................................ 14

*Blanton v. DOJ*, 63 F. Supp. 2d 35 (D.D.C. 1999) ...................................................................... 11

*Boyd v. Criminal Division of U.S. Dep't of Justice*, 475 F.3d 381 (D.C. Cir. 2007) ................... 12

*Brown v. DOJ*, 724 F. Supp. 2d 126 (D.D.C. 2010) ...................................................................... 5

*Canning v. DOJ*, 567 F. Supp. 2d 104 (D.D.C. 2008) ................................................................ 15

*Carter v. United States Dep't of Commerce*, 830 F.2d 388 (D.C. Cir. 1987) .............................. 10

*Casey*, 656 F.2d at 738 ................................................................................................................... 3

*CBP v. Abramson*, 456 U.S. 615 (1982) ...................................................................................... 11

*Church of Scientology v. Dep't of the Army*, 611 F.2d 738 (9th Cir. 1979) ................................. 9

*Davis v. DOJ*, 968 F.2d 1276 (D.C. Cir. 1992) ..................................................................... 12, 13

*Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009) ................... 5

*Defenders of Wildlife v. U.S. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004) ................... 2

*Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976) .................................................................. 9

*Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487 (1994) .................................... 9, 10

*Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749 (1989) ...................... 9

*Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356 (2019) ............................................... 4

*FTC v. Boehringer Ingelheim Pharm., Inc.*, 778 F.3d 142 (D.C. Cir. 2015) ................................. 7

*Gilman v. United States Dep't of Homeland Sec.*, 32 F. Supp. 3d 1 (D.D.C. 2014) ................... 11

*Greenberg v. Department of Treasury*, 10 F. Supp. 2d 3 (D.D.C. 1998) ...................................... 4

*Heggestad v. U.S. Dep't of Justice*, 182 F. Supp. 2d 1 (D.D.C. 2000) .......................................... 7

*Hickman v. Taylor*, 329 U.S. 495 (1947) ....................................................................................... 7

*Holcomb v. Powell*, 433 F.3d 889 (D.C. Cir. 2006) ...................................................................... 2

*Hopkins v. HUD*, 929 F.2d 81 (2d Cir. 1991) .............................................................................. 10

*In re Sealed Case*, 146 F.3d 881 (D.C. Cir. 1998) ........................................................................ 7

*Jimenez v. CBP*, 938 F. Supp. 21 (D.D.C. 1996) ........................................................................ 15

*Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17 (D.D.C. 2003) .................................................... 4

*Judicial Watch, Inc. v. United States Dep't of Commerce*, 83 F. Sup. 2d 105 (D.D.C. 1999) ....... 9

*Judicial Watch, Inc v. U.S. Dep't of Justice*, 432 F.3d 366 (D.C. Cir. 2005) ................................. 8

*Keys v. DOJ*, 830 F. 2d 337 (D.C. Cir. 1987) ............................................................... 11

*Leadership Conference on Rights v. Gonzales*, 404 F. Supp. 2d 246 (D.D.C. 2005) .................... 2

*McCutchen v. United States Dep't of Health & Human Servs.*, 30 F.3d 183 (D.C. Cir. 1994) .... 12

*McGehee v. CIA*, 697 F.2d 1095 (D.C. Cir. 1983) ......................................................... 2

*McKinley v. Bd. of Governors of the Fed. Reserve Sys.*, 647 F.3d 331 (D.C. Cir. 2011) .............. 7

*Meeropol v. Meese*, 790 F.2d 942 (D.C. Cir. 1986) ....................................................... 6

*Military Audit Project v. Casey*, 656 F.2d 724 (D.C. Cir. 1981) ....................................... 2

*Montgomery v. Chao*, 546 F.3d 703 (D.C. Cir. 2008) ..................................................... 3

*Moore v. Bush*, 601 F. Supp. 2d 6 (D.D.C. 2009) ......................................................... 3

*Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873 (D.C. Cir. 1989) .................... 10

*Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885 (D.C. Cir. 1995) ......... 2, 13

*National Archives and Records Admin. v. Favish*, 541 U.S. 157 (2004) ........................... 8, 10, 12

*New York Times Co. v. NASA*, 920 F.2d 1002 (D.C. Cir. 1990) .......................................... 8

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975) ..................................................... 7

*Oglesby v. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990) ......................................... 2, 4

*Painting & Drywall Work Pres. Fund, Inc. v. HUD*, 936 F.2d 1300 (D.C. Cir. 1991) ............... 10

*Pinson v. Dep't of Justice*, 236 F. Supp. 3d 338 (D.D.C. 2017) ...................................... 15

*Pratt v. Webster*, 673 F.2d 408 (D.C. Cir. 1982) ........................................................ 11

*Pub. Emps. for Envtl. Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195 (D.C. Cir. 2014) ................................................................. 14, 15

*Quinon v. CBP*, 86 F.3d 1222 (D.C. Cir. 1996) .......................................................... 11

*Reporters Comm. for Freedom of the Press*, 489 U.S. 749 ........................................... 9, 12, 13

*SafeCard Servs., Inc., v. SEC*, 926 F.2d 1197 (D.C. Cir. 1991) ..................................... 4, 13

*Schrecker v. DOJ*, 349 F.3d 657 (D.C. Cir. 2003) ..................................................... 5, 13

*Spirko v. U.S. Postal Serv.*, 147 F.3d 992 (D.C. Cir. 1998) ........................................... 13

*Steinberg v. U.S. DOJ*, 23 F.3d 548 (D.C. Cir. 1994) ................................................... 5

*Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106 (D.C. Cir. 2007) ...................................... 15

*Tax Analysts v. IRS*, 117 F.3d 607 (D.C. Cir. 1997) ..................................................... 6

*United States Dep't of State v. Ray*, 502 U.S. 164 (1991) ............................................. 9

*United States Dep't of State v. Washington Post Co.*, 456 U.S. 595 (1982) ........................ 8, 9

*Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321 (D.C. Cir. 1999) .............................. 4

*Weisberg v. DOJ*, 627 F.2d 365 (D.C. Cir. 1980) ........................................................ 5

*Weisberg v. DOJ*, 705 F.2d 1344 (D.C. Cir. 1983)........................................................ 4

*Weisberg v. DOJ*, 745 F.2d 1476 (D.C. Cir. 1984)........................................................ 5

*Williams v. Ashcroft*, 30 Fed. Appx. 5 (D.C. Cir. 2002)............................................... 6

*Zemansky v. United States EPA*, 767 F.2d 569 (9th Cir. 1985).................................... 6

**Statutes**

5 U.S.C. § 552(a)(3)(A) ................................................................................................. 6

5 U.S.C. § 552(a)(4)(B) ................................................................................................. 2

5 U.S.C. § 552(b) ...................................................................................................... 2, 15

5 U.S.C. § 552(b)(5) ...................................................................................................... 7

5 U.S.C. § 552(b)(6) ................................................................................................... 8, 9

5 U.S.C. § 552(b)(7) .................................................................................................... 11

5 U.S.C. § 552(b)(7)(C) .............................................................................................. 12

5 U.S.C. § 552(b)(7)(E) .......................................................................................... 11, 14

5 U.S.C. § 552(b)(7)(F)........................................................................................... 11, 14

6 U.S.C. § 211 ............................................................................................................. 12

**Rules**

Fed. R. Civ. P. 26(b)(3)(B), .......................................................................................... 7

Fed. R. Civ. P. 56(a) ..................................................................................................... 1

## INTRODUCTION

This case involves a Freedom of Information Act ("FOIA") request Plaintiff Fleta Christina C. Sabra ("Plaintiff") made for records about an encounter between her and U.S. Customs and Border Protection ("CBP"). CBP undertook appropriate efforts to search for the responsive records about Plaintiff withholding 395 pages, 3 audio files, and 8 video files in part under FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E) and withholding 11 pages in full under FOIA Exemption (b)(5). As explained herein, CBP is entitled to judgment as a matter of law.

## BACKGROUND

CBP hereby incorporates its Statement of Facts and the declaration prepared by Patrick A. Howard (attached hereto as Ex. 1).

In 2017, Plaintiff requested records about an encounter between Plaintiff and CBP officials on or about September 11 to 12, 2015 at the Otay Mesa or San Ysidro ports of entry. Decl. of Patrick A. Howard (Mar. 9, 2021) ¶ 7, Ex. A. To process Plaintiff's request, CBP conducted a search for responsive records and subsequent responsiveness review, CBP identified 283 pages, 3 audio files, and 8 video files of responsive records. *Id*. ¶¶ 7–8. After completing a segregability analysis, CBP determined Plaintiff had 24 pages already in her possession, released 395 pages, 3 audio files, and 8 video files in part, withholding certain information under FOIA Exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F) and withheld 11 pages in full under FOIA Exemption (b)(5). *Id.* ¶¶ 8, 39.

## LEGAL STANDARD

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49 (1986); *Holcomb v. Powell*,

433 F.3d 889, 895 (D.C. Cir. 2006).  FOIA claims are premised on an agency's improper withholding of records.  *See McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983).  To obtain summary judgment in a typical FOIA action, an agency must satisfy two elements.

First, the agency must demonstrate that it has made "a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  To satisfy this element, "an agency must set forth sufficient information in its affidavits for a court to determine if the search was adequate." *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (citing *Oglesby*, 920 F.2d at 68).  Such agency affidavits attesting to a reasonable search "are afforded a presumption of good faith," *Defenders of Wildlife v. U.S. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004), and "can be rebutted only 'with evidence that the agency's search was not made in good faith.'" *Id.* (citation omitted).

Second, "materials that are withheld must fall within a FOIA statutory exemption." *Leadership Conference on Rights v. Gonzales*, 404 F. Supp. 2d 246, 252 (D.D.C. 2005).  A court may grant summary judgment based solely on information in an agency's declarations if they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  After asserting exemptions, an agency must release "[a]ny reasonably segregable portion of a record" and provide it to the requesting party "after deletion of the portions which are exempt."  5 U.S.C. § 552(b).

This Court reviews the agency's action *de novo*, and "the burden is on the agency to sustain its action."  5 U.S.C. § 552(a)(4)(B); *accord Casey*, 656 F.2d at 738.  Once the case comes to the

Court, "FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009).  In deciding any motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in his favor, and eschew making credibility determinations or weighing the evidence."  *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008); *see also Liberty Lobby, Inc.*, 477 U.S. at 255.  However, where a plaintiff has not provided evidence that an agency acted in bad faith, "a court may award summary judgment solely on the basis of information provided by the agency in declarations."  *Moore*, 601 F. Supp. 2d at 12. The declarations must describe "the documents and the justifications for nondisclosure with reasonably specific detail, [and] demonstrate that the information withheld logically falls within the claimed exemption . . . ."  *Casey*, 656 F.2d at 738.

## ARGUMENT

Plaintiff submitted a FOIA request, seeking records about an encounter between herself and CBP officials.

After a search for records responsive to Plaintiff's request, CBP properly processed the records under the FOIA and released all non-exempt information, withholding in part 395 pages, 3 audio files, and 8 video files under FOIA Exemptions (b)(6) and (b)(7)(C) to protect the identities of 3d parties and CBP officers, FOIA Exemption (b)(7)(E) to protect the techniques and procedures for law enforcement investigations, and FOIA Exemption (b)(7)(F) to protect information related to asylum claims, and withholding in full 11 pages under FOIA Exemptions (b)(5) to protect attorney-client and attorney work product privileged information.  "FOIA expressly recognizes that important interests are served by its exemptions, and those exemptions are as much a part of FOIA's purposes and policies as the statute's disclosure requirement." *Food Mktg. Inst. v. Argus*

*Leader Media*, 139 S. Ct. 2356, 2366 (2019) (internal quotation marks and citations omitted). Thus, CBP had an obligation to withhold the information.

Accordingly, as shown herein and in the attached declaration, CBP's response to Plaintiff's request was proper, and the Court should grant summary judgment in CBP's favor.

## A.    CBP Conducted Searches Reasonably Calculated to Uncover Responsive Records

Under the FOIA, an agency must undertake a search that is "reasonably calculated to uncover all relevant documents." *Weisberg v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). A search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs., Inc., v. SEC,* 926 F.2d 1197, 1201 (D.C. Cir. 1991); *see Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (noting that "[p]erfection is not the standard by which the reasonableness of a FOIA search is measured"). It is appropriate for an agency to search for responsive records in accordance with the manner in which its records systems are indexed. *Greenberg v. Department of Treasury*, 10 F. Supp. 2d 3, 13 (D.D.C. 1998).

Where an agency affidavit attests that a reasonable search was conducted, the agency is entitled to a presumption of good faith. *Defenders of Wildlife*, 314 F. Supp. 2d at 8. "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). The FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request if responsive documents are likely to be located in a particular place. *Kowalczyk v. Department of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Marks v. Department of Justice*, 578 F.2d 261, 263 (9th Cir. 1978). Nor does the FOIA require that an agency search every record system. *Oglesby*, 920 F.2d at 68.

"To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009).  However, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The process of conducting an adequate search for documents requires "both systemic and case-specific exercises of discretion and administrative judgment and expertise," and it is "hardly an area in which the courts should attempt to micromanage the executive branch." *Schrecker v. DOJ*, 349 F.3d 657, 662 (D.C. Cir. 2003) (internal quotation marks and citation omitted).

"[T]he sufficiency of the agency's identification or retrieval procedure" must be "genuinely in issue" in order for summary judgment in the agency's favor to be inappropriate based on the adequacy of the search. *Weisberg v. DOJ*, 627 F.2d 365, 370 (D.C. Cir. 1980) (quoting *Founding Church of Scientology v. NSA*, 610 F.2d 824, 836 (D.C. Cir. 1979)).  A plaintiff "cannot rebut the good faith presumption" afforded to an agency's supporting affidavits "through purely speculative claims about the existence and discoverability of other documents." *Brown v. DOJ*, 724 F. Supp. 2d 126, 129 (D.D.C. 2010) (quoting *SafeCard Servs.*, 926 F.2d at 1200); *accord Steinberg v. U.S. DOJ*, 23 F.3d 548, 552 (D.C. Cir. 1994) (a plaintiff's "mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them"); *SafeCard Servs.*, 926 F.2d at 1201 ("When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant.").

Moreover, in responding to a FOIA request, an agency looks to the "reasonabl[e] descri[ption]" of the records sought.  5 U.S.C. § 552(a)(3)(A).  That is, a professional agency employee familiar with the subject area must, in light of the FOIA request framed by the requestor, be able to locate the requested records with a "reasonable amount of effort."  H.R. Rep. No. 93-876, at 6 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6271.  The agency must be able to determine "precisely" which records are being requested.  *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997) (citation and internal quotation marks omitted).  The agency then is obligated to perform a "reasonable" search in response to the request framed by the requestor.  *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986); *Zemansky v. United States EPA*, 767 F.2d 569, 571–73 (9th Cir. 1985).  An agency, however, is "not obligated to look beyond the four corners of the request for leads to the location of responsive documents."  *Kowalczyk*, 73 F.3d at 389; *see also Williams v. Ashcroft*, 30 Fed. Appx. 5, 6 (D.C. Cir. 2002) (agency need not look for records not sought in initial FOIA request).

Here, there is no material doubt that the searches performed were reasonable.  Howard Decl. ¶ 7.  First, CBP searched the electronic mail accounts of the five relevant custodian identified in a report of investigation prepared in response to Plaintiff's complaint to CBP, applying a date range that began on the date of the encounter to six months later and search terms calculated to identify records related to Plaintiff.  *Id.*  Second, CBP searched the relevant information systems, applying search terms calculated to identify records related to Plaintiff.  *Id.*

Therefore, the Court should grant summary judgment in favor of Defendant on the sufficiency of the search.

**B.      CBP Properly Applied FOIA Exemptions to Withhold Limited Records**

As explained below, and as detailed in the Howard Declaration, CBP properly relied on FOIA Exemptions (b)(5), (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F).

1.      FOIA Exemption (b)(5), 5 U.S.C. § 552(b)(5)

FOIA Exemption (b)(5) exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption ensures that members of the public cannot obtain through FOIA what they could not ordinarily obtain through discovery in a lawsuit against the agency. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975).

Exemption (b)(5) incorporates the attorney work product doctrine. *McKinley v. Bd. of Governors of the Fed. Reserve Sys.*, 647 F.3d 331, 341 (D.C. Cir. 2011) (internal quotations and citation omitted). This doctrine protects "mental impressions, conclusions, opinions, or legal theories of a party's attorney," Fed. R. Civ. P. 26(b)(3)(B), and "factual materials prepared in anticipation of litigation," *Heggestad v. U.S. Dep't of Justice*, 182 F. Supp. 2d 1, 8 (D.D.C. 2000). The attorney work product doctrine protects documents and other memoranda prepared by an attorney in anticipation of litigation. *See FTC v. Boehringer Ingelheim Pharm., Inc.*, 778 F.3d 142, 149 (D.C. Cir. 2015); *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947) (explaining that attorney work product can be "reflected . . . in interviews, statements, memoranda, correspondence, briefs . . . and countless other tangible and intangible ways"). The attorney work product doctrine analysis requires the Court to consider "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998) (internal quotation and citation omitted). "If a document is fully protected

as work product, then segregability is not required" under FOIA.  *Judicial Watch, Inc v. U.S. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005).

Here, CBP withheld three records, totaling 11 pages, related to Plaintiff's Federal Tort Claims Act ("FTCA") claim.  Howard Decl. ¶ 11.  The records withheld under Exemption (b)(5) are clearly attorney work product: (1) assessments of the merits of Plaintiff's FTCA claim against the Agency, incorporating both factual materials and legal analysis, (2) a communication with DOJ counsel about Plaintiff's FTCA claim, and (3) a litigation hold notice related to Plaintiff's FTCA claim.  *Id.*  Moreover, Defendant determined that the release of the information withheld under Exemption (b)(5), could reasonably be expected to have a chilling effect on the Agency's ability to seek and receive legal advice in matters that are the subject of litigation.  *Id.* ¶ 12.

Therefore, the Court should grant summary judgment in favor of Defendant on whether CBP properly withheld information under FOIA Exemption (b)(5).

2.     FOIA Exemption (b)(6), 5 U.S.C. § 552(b)(6)

FOIA Exemption 6 exempts disclosure of information contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6).  The Supreme Court has interpreted Exemption 6 broadly, making clear that the statutory language files "similar" to personnel or medical files encompasses any "information which applies to a particular individual."  *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982); s*ee also New York Times Co. v. NASA*, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (finding voice tapes from the shuttle Challenger to be "similar files").  Highly personal information has been held to be exempt from disclosure under FOIA Exemption (b)(6).  *See, e.g., National Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004) (withholding the photographs of the suicide of Deputy White House Counsel Vincent Foster); *Dep't of Defense*

*v. Fed. Labor Relations Auth.*, 510 U.S. 487, 497 (1994) (withholding addresses); *United States Dep't of State v. Ray*, 502 U.S. 164, 175–76 (1991) (withholding names and addresses, marital and employment status, information regarding children); *Washington Post*, 456 U.S. at 602 (withholding passport information); *Judicial Watch, Inc. v. United States Dep't of Commerce*, 83 F. Sup. 2d 105, 112 (D.D.C. 1999) (withholding date of birth, visa, and passport data); *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 747 (9th Cir. 1979) (withholding religious affiliation).   The purpose of Exemption (b)(6) is to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *Washington Post Co.*, 456 U.S. at 599.

Once across the low threshold that information at issue "applies to a particular individual," the analysis shifts to whether disclosure of the information at issue "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  This requires a balancing of the public's interest in disclosure against the privacy interest in non-disclosure.  See *Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976); *Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 776 (1989).  The Supreme Court has adopted a broad construction of the privacy interests protected by Exemption (b)(6).  In *Reporters Comm. for Freedom of the Press*, 489 U.S. 749, the Court rejected a "cramped notion of personal privacy" under the FOIA's exemptions and instead emphasized that "privacy encompass[es] the individual's control of information concerning his or her person."  More specifically, the Court noted that "[p]rivacy is the claim of individuals . . . to determine for themselves when, how, and to what extent information about them is communicated to others." *Id.* at 764 n.16 (citation omitted).  Privacy is of particular importance in the FOIA context because a disclosure required by the FOIA is a disclosure to the public at large.  *See Painting & Drywall Work Pres. Fund, Inc. v. HUD*, 936 F.2d 1300, 1302 (D.C. Cir.

1991) (finding that if information "must be released to one requester, it must be released to all, regardless of the uses to which it might be put").

The plaintiff bears the burden of establishing that disclosure of personal information—in this case, the existence of responsive records—would serve a cognizable public interest. *Carter v. United States Dep't of Commerce*, 830 F.2d 388, 391 n.13 (D.C. Cir. 1987). The "only relevant public interest to be weighed in this balance is the extent to which disclosure would serve the core purpose of FOIA, which is contribut[ing] significantly to public understanding of the operations or activities of the government." *Fed. Labor Relations Auth.*, 510 U.S. at 495 (internal citation omitted) (internal citation and quotation marks omitted). The "simple invocation of a legitimate public interest . . . cannot itself justify the release of personal information. Rather, a court must first ascertain whether that interest would be served by disclosure." *Hopkins v. HUD*, 929 F.2d 81, 88 (2d Cir. 1991); *see also Carter*, 830 F.2d at 391 and n.13 (establishing public interest is the requester's burden); *Favish*, 541 U.S. at 172 (stating that, with respect to privacy concerns, the requesting party must show a "sufficient reason for the disclosure").

Here, CBP protected the personally identifiable information of CBP employees, individuals that are the subject of a CBP law enforcement record, and individuals mentioned in, but not the subject of a CBP law enforcement record. Howard Decl. ¶¶ 14–17. Moreover, because Plaintiff did not demonstrate a public interest in the release of the information, *see generally* Compl., Defendant determined that the individual's right to privacy outweighed any public interest, *id.* ¶ 18; *see Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989) ("[S]omething, even a modest privacy interest, outweighs nothing every time.").

Therefore, the Court should grant summary judgment in favor of Defendant on whether CBP properly withheld information under FOIA Exemption (b)(6).

3.      FOIA Exemption (b)(7)(C), (E), (F), 5 U.S.C. § 552(b)(7)(C), (E), (F)

   a.    *Exemption (b)(7) Threshold*

FOIA Exemption (b)(7) protects from mandatory disclosure "records or information compiled for law enforcement purposes," to the extent that disclosure could result in one of the six harms enumerated in subparts (A) through (F) of the exemption.  *See* 5 U.S.C. § 552(b)(7).  As such, judicial review of an agency's withholding under FOIA Exemption (b)(7) "requires a two-part inquiry."  *CBP v. Abramson*, 456 U.S. 615, 622 (1982).  First, the relevant information must have been "compiled for law enforcement purposes."  *Abramson*, 456 U.S. at 622; *see Quinon v. CBP*, 86 F.3d 1222, 1228 (D.C. Cir. 1996).  A record is compiled for law enforcement purposes if: (1) the activity that gives rise to the documents is related to the enforcement of federal laws or the maintenance of national security; and (2) the nexus between the activity and one of the agency's law enforcement duties is based on information sufficient to support at least a "colorable claim" of its rationality.  *See Keys v. DOJ*, 830 F. 2d 337, 340 (D.C. Cir. 1987); *Pratt v. Webster*, 673 F.2d 408, 420–21 (D.C. Cir. 1982); *Blanton v. DOJ*, 63 F. Supp. 2d 35, 44 (D.D.C. 1999).

Courts assume that a "criminal law enforcement agency[s']" records were for law enforcement purposes because government agencies "typically go about their intended business," and courts apply a "more deferential attitude toward [their] claims of 'law enforcement purpose.'"  *Pratt*, 673 F.2d at 418–19.  In light of that deference, the D.C. Circuit has opined that a law-enforcement agency need only show that the nexus between the activity in question and its law-enforcement duties "must be based on information sufficient to support at least 'a colorable claim' of its rationality."  *Keys*, 830 F.2d at 340 (quoting *Pratt*, 673 F.2d at 421).

CBP is without a doubt a law-enforcement agency.  *See Gilman v. United States Dep't of Homeland Sec.*, 32 F. Supp. 3d 1, 19 (D.D.C. 2014) ("CBP is indisputably a law enforcement agency and is entitled to deference in its determination that the records were compiled for a law

enforcement purpose."). CBP manages border control, including enforcing U.S. immigration and customs regulations, interdicting persons or goods illegally entering or exiting, collecting import duties, and regulating international trade. *See* 6 U.S.C. § 211.

        b.        *Exemption (b)(7)(C) Standard*

Under FOIA Exemption (b)(7)(C), assuming information was compiled for law enforcement purposes, then it must be determined if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Like FOIA Exemption (b)(6), Exemption (b)(7)(C) "call[s] for a balancing of the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *McCutchen v. United States Dep't of Health & Human Servs.*, 30 F.3d 183, 185 (D.C. Cir. 1994); *Davis v. DOJ*, 968 F.2d 1276, 1281 (D.C. Cir. 1992); *Reporters Comm.*, 489 U.S. at 776–780. "Exemption 7(C)'s privacy language is broader than [that of] . . . Exemption 6 in two respects. First, whereas Exemption 6 requires that the invasion of privacy be 'clearly unwarranted,' the adverb 'clearly' is omitted from Exemption 7(C) . . . . Second, whereas Exemption 6 refers to disclosures that 'would constitute' an invasion of privacy, Exemption 7(C) encompasses any disclosure that 'could reasonably be expected to constitute' such an invasion." *Reporters' Comm.*, 489 U.S. at 756 (quoting 5 U.S.C. §§ 552(b)(6), (7)(C)).

"In order to trigger the balancing of public interests against private interests, a FOIA requestor must (1) 'show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,' and (2) 'show the information is likely to advance that interest." *Boyd v. Criminal Division of U.S. Dep't of Justice*, 475 F.3d 381, 387 (D.C. Cir. 2007) (citing *Favish*, 541 U.S. at 172). Courts have construed the public interest component narrowly, noting that the public interest "must be assessed in light of FOIA's central purpose," and that purpose "is not fostered by disclosure about private individuals that is

accumulated in various government files but that reveals little or nothing about an agency's conduct." *Nation Magazine*, 71 F.3d at 894 (quotation marks and citation omitted). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis*, 968 F.2d at 1282 (quoting *Reporters Comm*, 489 U.S. at 773). Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption (b)(7)(C). *Blanton v. U.S. Dep't of Justice*, 63 F. Supp. 2d 35, 41 (D.D.C. 1999) (quoting Davis, 968 F.2d at 1282); *cf. SafeCard Servs. Inc.,* 926 F.2d at 1206 (public interest in disclosure of third party identities is "insubstantial"). In the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure. *Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 999 (D.C. Cir. 1998).[1]

Here, CBP protected the personally identifiable information of CBP employees, individuals who are the subject of a CBP law enforcement record, and individuals mentioned in, but not the subject of a CBP law enforcement record. Howard Decl. ¶¶ 22–25.

Therefore, the Court should grant summary judgment in favor of Defendant on whether CBP properly withheld information under FOIA Exemption (b)(7)(C).

   *c.*  Exemption (b)(7)(E) Standard

Under Exemption 7(E), agencies may withhold information "which would disclose techniques and procedures for law enforcement investigation or prosecutions . . . if such disclosure

---

[1] Regarding the public interest, the D.C. Circuit has "'adopted a categorical rule permitting an agency to withhold information identifying private citizens mentioned in law enforcement records, unless disclosure is "necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity.'" *Bartko v. U.S. Dep't of Justice*, No. 13-1135 (JEB), 2015 WL 9272833, at *6 (D.D.C. Dec. 18, 2015) (quoting *Schrecker*, 349 F.3d at 661, in turn quoting *SafeCard Servs., Inc.*, 926 F.2d at 1206).

could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).  This exemption applies broadly and allows agencies to withhold information that "would provide insight into its investigatory or procedural techniques." *Techserve Alliance v. Napolitano*, 803 F. Supp. 2d 16, 28–29 (D.D.C. 2011); *see also Blackwell v. CBP*, 646 F.3d 37, 42 (D.C. Cir. 2011) (noting that Exemption 7(E) offers "a relatively low bar for the agency to justify withholding" information).

Here, CBP protected four categories of information:  (1) information that would reveal the subjects of specific law enforcement interest; (2) information regarding specific law enforcement techniques and operational vulnerabilities; (3) information that, in the aggregate, reveals trends and/or specific law enforcement capabilities and techniques employed in particular operational locations, which can reveal the likelihood of CBP utilizing certain inspection techniques in specific operational locations; and (4) computer codes and other information that can expose CBP computer systems to a risk of unauthorized access or navigation.  Howard Decl. ¶¶ 29–35.

Therefore, the Court should grant summary judgment in favor of Defendant on whether CBP properly withheld information under FOIA Exemption (b)(7)(E).

> d.     *Exemption (b)(7)(F) Standard*

FOIA Exemption 7(F) exempts from disclosure information that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F); *see also Pub. Emps. for Envtl. Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 200 (D.C. Cir. 2014) ("*PEER*").  "While courts generally have applied Exemption 7(F) to protect law enforcement personnel or other specified third parties, by its terms, the exemption is not so limited; it may be invoked to protect "any individual" reasonably at risk of harm." *Long v. Dep't of Justice*, 450 F.Supp.2d 42, 79 (D.D.C. 2006). *Blanton*, 182 F. Supp. 2d at 86 ("Withheld identities also may include non-law enforcement persons who assist the

14

government in its criminal investigation."); *Jimenez v. CBP*, 938 F. Supp. 21, 30 (D.D.C. 1996) (Exemption 7(F) "affords broad protection to the identities of individuals mentioned in law enforcement files," including the "names and identifying information" of confidential sources). The D.C. Circuit has described the language of Exemption 7(F) as "very broad" and has held that "[d]isclosure need not *definitely* endanger life or physical safety; a reasonable expectation of endangerment suffices." *PEER*, 740 F.3d at 205 (emphasis added). Exemption 7(F) does not operate as a balancing test, but as an absolute ban against disclosure of certain information. *Pinson v. Dep't of Justice*, 236 F. Supp. 3d 338, 370 n.62 (D.D.C. 2017).

Here, CBP withheld information related to an individual's asylum claim. Howard Decl. ¶ 38. CBP properly determined that disclosure of the information could endanger the life or physical safety of an individual seeking asylum because of the nature of an asylum claim. *Id.*

Therefore, the Court should grant summary judgment in favor of Defendant on whether CBP properly withheld information under FOIA Exemption (b)(7)(F).

## C. CBP Properly Conducted a Segregability Analysis

Under the FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b). To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Executive Office of the President*, 97 F.3d 575, 578–79 (D.C. Cir. 1996); *Canning v. DOJ*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

In this case, CBP reviewed the responsive records and determined that apart from the 24 pages of responsive records already in plaintiff's possession, 11 pages could be withheld in full because the information was protected under the attorney work product privilege, 395 pages could be released in part after completing a line-by-line review, and 3 audio files and 8 video files could be release in part after completing a frame-by-frame review.  Howard Decl. ¶ 39.  Indeed, CBP with reasonable specificity processed the records consistent with the provisions of FOIA, and determined that the information withheld in part could constitute an unreasonable invasion of personal privacy, could reveal law enforcement techniques and procedures, and could place asylum seekers at risk.  *Id.* ¶¶ 14, 22, 36, 38, 40.  Thus, CBP has fulfilled its segregability responsibility.

Therefore, the Court should grant summary judgment in favor of Defendant on whether CBP has conducted a sufficient segregability analysis.

## CONCLUSION

For the reasons set forth above, CBP respectfully requests that this Court grant summary judgment in favor of Defendant.

Dated: March 10, 2021                          Respectfully Submitted,

CHANNING D. PHILLIPS
D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ Joseph F. Carilli, Jr.
JOSEPH F. CARILLI, JR.
N.H. Bar No. 15311
Assistant United States Attorney
555 4th St. N.W.
Washington, D.C. 20530
Telephone: (202) 252-2561
E-mail: joseph.carilli@usdoj.gov

*Counsel for Defendant*