UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FLETA CHRISTINA COUSIN SABRA ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No.: 1:20-cv-681-CKK |
| ) | |
| U.S. CUSTOMS AND BORDER ) | |
| PROTECTION, ) | |
| ) | |
| *Defendant.* ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and LCvR 7(h), Plaintiff Fleta Christina Cousin Sabra ("Plaintiff") respectfully submits this Response in Opposition to Defendant U.S. Customs and Border Protection (CBP)'s Motion for Summary Judgment. ECF No. 24.

**A. CBP Fails to Establish Beyond Material Doubt That Its Search Was Adequate.**

To secure summary judgment and dismissal of Plaintiff's Freedom of Information Act (FOIA) suit, CBP bears the burden of establishing compliance with the Act "beyond a material doubt." *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). *See also Morley v. CIA*, 508 F.3d 1108, 1115 (D.C. Cir. 2007); *Nation Magazine, Washington Bureau v. U.S.*, 71 F.3d 885, 887 (D.C. Cir. 1995) (reversing district court's grant of summary judgment because the Customs service failed to demonstrate "beyond material doubt" that its search was adequate and its withholdings under 7(c) were lawful); *Truitt v. Department of State,* 897 F.2d 540, 543 n.10 (D.C. Cir. 1990) (applying the material doubt standard). In making this showing, under Fed. R. Civ. P. 56(c) and this Court's Local Civil Rules, CBP must demonstrate "strict compliance" with LCvR 7(h)(1). *American Oversight v. EPA*, 386 F. Supp. 3d 1, 4 n. 2 (D.D.C.

1

2019) (quoting *Robertson v. American Airlines, Inc.*, 239 F. Supp. 2d 5, 8 (D.D.C 2002)). *Accord Gilbert v. Napolitano*, 760 F. Supp. 2d 21, 23 n. 1 (D.D.C. 2011) ("Both the movant and the non-movant bear this burden . . .").

Moving parties who supply incomplete statements of material fact (SMFs) risk having courts strike their motions for summary judgment with leave to re-file so as to permit the opposing party the opportunity to "fairly contest" their motion. *Robertson*, 239 F. Supp. 2d at 9. *See also Wharf, Inc. v. Dist. of Columbia,* Civil Action No. 15-1198 (CKK) at *6-7 (D.D.C. Mar. 30, 2021). That is because, under this Circuit's precedent, the non-moving party and the reviewing court are neither required nor permitted to sift through the record and discern which additional facts the movant would contend are genuinely undisputed and material, thus entitling the movant to judgment as a matter of law. *Robertson*, 239 F. Supp. 2d at 8. Affidavits submitted without identification in a separate SMF of which facts are material and subject to no genuine dispute fail to comply with LCvR 7(h)(1) and Fed. R. Civ. P. 56(c). *See Peterson v. AT&T Mobility Services, LLC*, 134 F. Supp. 3d 112, 114 n.1 (D.D.C. 2012). For similar reasons, an SMF "repeatedly blending factual assertions with legal argument . . . does not satisfy the purposes of a Rule 7(h) statement." *Holt v. American City Diner, Inc.*, Civil Action No. 05-1745 (CKK) at *2 (D.D.C. May 15, 2007) (quoting *Jackson v. Finnegan, Henderson, Farabow, Garrett Dunner,* 101 F.3d 145, 153 (D.C. Cir. 1996) (cleaned up).

Here, CBP cannot carry its burden because CBP's SMF fails to comply with Local Rule 7(h)(1). ECF No. 24-2. Specifically, the agency neglects to identify which material facts cited in the Howard Declaration, ECF No. 24-3 at 2-17, are undisputed and entitle the agency to judgment as a matter of law on the adequacy of the search. ECF No. 24-2. Moreover, the agency's only attempt at demonstrating it complied with the Act's segregability requirement –

Paragraph 5 of the Howard Declaration – typifies the blended factual assertion with legal conclusion the D.C. Circuit has held is improper under LCvR 7(h)(1).

CBP contends five allegedly undisputed material facts entitle the agency to judgment as a matter of law:

(1) Plaintiff submitted a FOIA request to the agency, ECF No. 24-2, ¶ 1 (undisputed);

(2) CBP conducted a search for responsive records, *id.* ¶ 2 (undisputed);

(3) CBP found 430 pages of responsive records, 3 audio files, and 8 video files, *id.* ¶ 3; (undisputed);

(4) CBP released to Plaintiff all or part of the records it located that she did not already have, withholding records under the claimed authority of FOIA Exemptions 6, 7(C), 7(E), and 7(F), *id.* ¶ 4 (undisputed); and

(5) "CBP conducted a segregability analysis, releasing all reasonably segregable, non-exempt responsive records to Plaintiff (undisputed that CBP conducted a segregability analysis; but improper as a legal conclusion regarding segregability and exemption). *Id.* ¶ 5.

ECF No. 24-2. *See also,* Plaintiff's SMF.

These facts—even undisputed and stripped of legal conclusions—do not establish beyond a material doubt that the agency has conducted an adequate search. *Weisberg*, 745 F.2d at 1485. With respect to the adequacy of the search, the only material fact CBP alleges to be undisputed in the SMF is that it conducted one. ECF No. 24-2 ¶ 2. That is plainly not enough.

Then there is the Howard Declaration. CBP may contend this filing is sufficient to put Plaintiff and the Court on notice of any additional undisputed material facts the government would rely on by way of citation and incorporation, instead of explicit identification, as Rule 56,

Local Rule 7(h)(1), and this Circuit's "strict compliance" precedents require. CBP has waived such a contention. The only aspects of the Howard Declaration CBP cites to as material and undisputed are paragraphs 7, 8, and 39. *Id.* Paragraph 7 of the Howard Affidavit contains six subparagraphs marked (a)-(f) describing the agency's search. Without specific identification of what factual matter in Paragraph 7(a)-(f) the agency wishes the Court to treat as undisputed and material, Plaintiff and the Court are left to rely on this paragraph only for the proposition CBP cites it to establish: CBP conducted a search. But the agency has not delineated which facts support its contention that the search was adequate, as required by Fed. R. Civ. P. 56(c)(1)(B). The Court should therefore order CBP to supplement the SMF and, if necessary, the Howard Declaration.[1]

By his own admission, Howard does not offer his testimony for the purpose of establishing the adequacy of the agency's search: "The purpose of this declaration and the attached *Vaughn* Index is to provide the additional information as to why certain information was withheld from public disclosure pursuant to 5 U.S.C. §§ 552(b)(5), (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F). ECF No. 24-3 at 3, ¶ 4. Consequently, the only fact Howard and CBP appear to establish for summary judgment purposes, based on the agency's SMF and citation to his Declaration, is that "CBP conducted a search for responsive records." SMF ¶ 3 (citing Howard Decl. ¶ 7). This is plainly insufficient as a matter of law, and the Court's inquiry could end there.

Compounding the problem is Howard's failure to specifically allege personal knowledge about the records and offices in question in this case. *See* Fed. R. Civ. P. 56(c)(4) (requiring summary judgment declarations to establish their personal knowledge of facts alleged) *and Wisdom v. U.S. Trade Program*, 232 F. Supp. 3d 97 (D.D.C. 2017) ("A FOIA declarant may

---

[1] Plaintiffs would not object to such supplementation, and have informed counsel for CBP as much.

satisfy the rule's personal-knowledge requirement if in [their] declaration, [they] attest to . . . a familiarity with the documents in question.") (internal quotation marks omitted). While he makes a bare assertion that the statements he makes are based on his personal knowledge "acquired through, and agency files reviewed in, the course of my official duties as Branch Chief in CBP's FOIA Division," Mr. Howard offers no evidence of his personal knowledge regarding CBP agency functioning beyond his experience in FOIA processing. ECF No. 24-3 at 2-17. *Cf.* Fed. R. Civ. P. 56(c)(4). The personal-knowledge requirement, as this Circuit's precedents make clear, is not a magic-words test. Howard fails to allege familiarity with the responsive records or agency offices and systems of records at issue in this case. He merely alleges personal knowledge of CBP FOIA's procedures for searching and processing them. ECF No. 24-3 at ¶¶ 1-4. Courts within this Circuit require such a showing under Rule 56's personal-knowledge requirement. *Wisdom*, 232 F. Supp. 3d at 102-3. *See also Carter, Fullerton & Hayes, LLC v. Federal Trade Commission*, 520 F. Supp. 2d 134, 146 (D.D.C. 2007).

Even if the Court overlooked these basic defects in the SMF and Declaration and disregarded binding circuit precedent by considering the substance of Paragraph 7 by incorporation into the SMF, CBP still cannot show beyond material doubt that it conducted an adequate search. That is because Howard makes no attempt to explain, as CBP must, why the agency's search was "reasonably calculated to uncover all relevant documents." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83 (D.D.C. 2009) (quoting *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999)). Moreover, Howard fails to explain why, within each of the five offices CBP FOIA identified for search, only the databases listed were tasked with searches. ECF No. 24-3 at 2-4, ¶ 7(a)(f), as opposed to emails, hard files, or other systems of records.

Compounding the problem, Howard fails to explain why CBP did not conduct an iterative search of the emails from other CBP officials sent to or received from the five employees listed in Sabra's original complaint. *Valencia*, 180 F.3d at 325 (agencies must "follow through on obvious leads to discover requested documents"); *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998) (agency's determination that it reasonably calculated the search to lead to responsive records became untenable upon discovering documents that could not be located without an expanded search). While it is true that the demonstration by a Plaintiff that adequate search would have uncovered more records is insufficient to defeat the agency's motion for summary judgment, it is equally true that an agency has not conducted a search reasonably calculated to locate all responsive records when it ignores obvious leads in the initial return of responsive documents. *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (noting "if a review of the record raises substantial doubt, particularly in view of well-defined requests and positive indications of overlooked materials, summary judgment is inappropriate.").

In this case, CBP's production demonstrates the agency has not searched for or produced all responsive emails. Taking just a single example (which should be unnecessary, given the allocations of the burden of proof and persuasion on summary judgment in FOIA cases) an email regarding Ms. Sabra's case shows far more than five CBP officials exchanged at least one responsive email with one or more of the five CBP officers whose emails Howard's office searched. Plaintiffs' LCvR 7(h)(2) Statement, ¶ 1; Ex. 1 – E-Mail File 13 – Redacted. Specifically, the CBP Branch Chief in Otay Mesa, California sent an email at 5:37 p,m. requesting another CBP official "prepare and forward the requested Incident Report for Supervisor [Redacted]. A CBP official responded, saying 'Attached you will find the memo". *Id.*

The size of the "to:" and "cc:" fields in the email address blocks in this email appear to contain far more than five addresses. Who were those recipients? Why were they included in this exchange? What did they do upon receiving this email and its attachments? Why did CBP chose to search or ignore those leads? Howard offers Plaintiff and the Court no answers; just questions.

Once these additional custodians are identified, CBP's tightly-controlled, closed loop of the five officials on the scene the night Ms. Sabra entered the Port of Entry must expand. Howard's Declaration is silent on why it does not. Consequently, material doubt exists as to the adequacy of the agency's search, even if the Court accepted CBP's invitation to overlook strict compliance with Rule 56(c) and Local Rule 7(h)(1) this Circuit requires, and consider CBP's submission on its merits.

Given Howard's lack of alleged personal knowledge and omission of search adequacy as a stated purpose of his Declaration, ECF No. 24-3 ¶ 4, and without any indication of why the five specific CBP offices his offices searched were most likely to yield responsive records, why only database searches occurred instead of searching other systems, or why readily available leads were not followed up on by his office, CBP cannot rely on the Howard Declaration to prove beyond material doubt it conducted an adequate search. This Court should reject CBP's implicit invitation to incorporate all of Paragraph 7 into the agency's SMF so as to demonstrate beyond material doubt that it conducted an adequate search. The agency's Motion for Summary Judgment should be denied as to search adequacy.

### B. CBP Fails To Establish The Agency Released All Reasonably Segregable, Non-Exempt Records, So Its Motion for Summary Judgment Should Be Denied.

Plaintiff opposes summary judgment in CBP's favor as to the agency's withholdings because the agency's failure to conduct an adequate search has improperly cut off access to responsive records she and the Court would use to ascertain whether the public interest in

disclosure. The Court cannot conduct its statutorily required, independent inquiry into the propriety of the agency's withholdings, and balance the public interest in disclosure of records, if it lacks the entire universe of documents. In this case, Plaintiff emerged from CBP alleging serious injuries, including to her wrists, foot, and her eye—injuries that required referrals to specialists and ultimately surgery. Law enforcement officers who verbally abuse and physically mistreat United States Citizens at ports of entry are not, *ipso facto*, entitled to secrecy. The allegations in this case present a strong public interest in determining what CBP is up to, especially given the demonstrable failure of the agency to police itself. On this record, and lacking significant pieces of evidence supporting Ms. Sabra's claims due to an adequate search, the Court should deny without prejudice CBP's motion for summary judgment as to the propriety of its withholdings.

**Conclusion**

Based on the foregoing, Plaintiff respectfully requests that the Court deny CBP's Motion for Summary Judgment.


Dated: April 21, 2021

Respectfully submitted,
/s/ Sarah B. Pitney
Sarah B. Pitney
DC Bar # 229744
Benach Collopy LLP
4530 Wisconsin Ave. NW, Ste. 400
Washington, DC 20016
202.644.8600
spitney@benachcollopy.com