UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FLETA CHRISTINA C. SABRA,
    Plaintiff,
  v.
UNITED STATES CUSTOMS AND
BORDER PROTECTION,
    Defendant.

Civil Action No. 20-681 (CKK)

**MEMORANDUM OPINION**
(March 14, 2022)

    This lawsuit arises from a Freedom of Information Act ("FOIA") request made by Plaintiff Fleta Christina C. Sabra ("Plaintiff") to Defendant United States Customs and Border Protection ("CBP" or "Defendant"). Plaintiff sought records regarding an encounter with CBP agents at a port of entry in California in September 2015 and CBP's subsequent investigation thereof.

    Before the Court is Defendant's [24] Motion for Summary Judgment. Plaintiff opposes Defendant's motion, but has not filed a cross-motion for summary judgment. Upon review of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court concludes that CBP has not satisfied its burden of demonstrating that it has conducted an adequate search for records responsive to Plaintiff's FOIA request. Accordingly, the Court shall **DENY without prejudice** Defendant's Motion for Summary Judgment and shall require CBP to provide additional information about its search or conduct additional searches. In order to avoid piecemeal litigation, the Court does not address the remaining issues raised in Defendant's motion.

---

[1] The Court's consideration has focused on the following: Defendant's Motion for Summary Judgment ("Def.'s Mot."), ECF No. 24; Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n"), ECF No. 28; and Defendant's Reply Memorandum in Support of Defendant's Motion for Summary Judgment ("Def.'s Reply"), ECF No. 29. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. See LCvR 7(f).

1

I. **BACKGROUND**

Plaintiff alleges that on September 11, 2015, she was unlawfully detained and physically assaulted by CBP agents at the Otay Mesa or San Ysidro port of entry in Southern California. Compl. ¶¶ 2–3, ECF No. 1. On May 5, 2017, Plaintiff submitted to Defendant a FOIA request seeking:

> All agency records, including, but not limited to, video, database entries, photographs, communications (including emails, letters, faxes, phone logs, and text messages), memoranda, investigative reports, and other things relating to the encounter between [Plaintiff] and U.S. Customs and Border Protection officials on or about September 11, 2015 [or] September 12, 2015 at the Otay Mesa OR San Isidro ports-of-entry. Please search specifically for use of force reports, internal affairs complaints and responses, internal investigations, professional responsibility investigations and interviews, video and photographic evidence gathered in response to [Plaintiff's] complaints, and all other records in the possession, custody, or control of CBP. . . [Plaintiff] filed a complaint with [the Department of Homeland Security's Office for Civil Rights and Civil Liberties] on September 23, 2015, and was interviewed by officials she believes worked for CBP regarding that complaint on or about December 21, 2015 in North Carolina.

*Id.* ¶ 75. Plaintiff requested expedited processing of her FOIA request, *id.* ¶ 9, which CBP denied, *see* Pl.'s 6/9/20 Status Rep. at 5, ECF No. 9.[2]

CBP's search yielded 14,170 pages of records, 3 audio files, and 8 video files "potentially responsive" to Plaintiff's FOIA request. *See* Def.'s Mot. Ex 1, Declaration of Patrick A. Howard ("Howard Decl.") ¶ 8, ECF No. 24-3. CBP determined that 430 pages and all audio and video files were responsive to Plaintiff's request. *Id.* Of those responsive materials, 24 pages were determined to be already in Plaintiff's possession; 11 pages were withheld in full based on FOIA

---

[2] Plaintiff previously filed a [7] Motion for Judgment on the Pleadings on the basis that CBP failed to timely adjudicate her request for expedited processing and failed to make records promptly available to her. *See* Pl.'s Mot. for J. on Pleadings, ECF No. 7. The Court denied Plaintiff's Motion. *See* Order, ECF No. 22; Mem. Op., ECF No. 23.

Exemption 5; and 395 pages, as well as the audio and video files, were released with partial redactions based on FOIA Exemptions 6, 7(C), 7(E), and 7(F). *Id.* CBP has submitted two Declarations of Patrick A. Howard, a Branch Chief in the FOIA Division, Privacy and Diversity Office, Office of the Commissioner for CBP and a *Vaughn* Index. *See* Howard Decl.; Def.'s Reply Ex. A, [Supplemental] Declaration of Patrick A. Howard ("Suppl. Howard Decl."), ECF No. 29-1; Def.'s Mot. Ex. 1, *Vaughn* Index, ECF No. 24-3.

## II. LEGAL STANDARD

Congress enacted the Freedom of Information Act, 5 U.S.C. § 552, to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). Congress remained sensitive to the need to achieve balance between these objectives and the potential that "legitimate governmental and private interests could be harmed by release of certain types of information." *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc) (citation omitted), *cert. denied*, 507 U.S. 984 (1993). To that end, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for categories of material." *Milner v. Dep't of Navy*, 131 S. Ct. 1259, 1261–62 (2011). Ultimately, "disclosure, not secrecy, is the dominant objective of the act." *Rose*, 425 U.S. at 361. For this reason, the "exemptions are explicitly made exclusive, and must be narrowly construed." *Milner*, 131 S. Ct. at 1262 (citations omitted).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citing *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007)). "The agency is entitled to summary judgment if no material facts are genuinely in dispute and the agency demonstrates that

its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information." *Prop. of the People, Inc. v. Off. of Mgmt. & Budget*, 330 F. Supp. 3d 373, 380 (D.D.C. 2018) (citation omitted).

The burden is on the agency to justify its response to the plaintiff's request. 5 U.S.C. § 552(a)(4)(B). "An agency may sustain its burden by means of affidavits, but only if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (citation omitted). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *Am. Civil Liberties Union v. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011) (citations omitted). "Uncontradicted, plausible affidavits showing reasonable specificity and a logical relation to the exemption are likely to prevail." *Ancient Coin Collectors Guild v. Dep't of State*, 641 F.3d 504, 509 (D.C. Cir. 2011) (citation omitted).

### III. DISCUSSION

Defendant seeks summary judgment as to the adequacy of its search and its claimed exemptions. Plaintiff opposes Defendant's motion, but has not filed any cross-motion for summary judgment. For the reasons below, the Court concludes that CBP has failed to carry its burden of demonstrating that it has conducted an adequate search for records responsive to Plaintiff's FOIA request. Accordingly, the Court shall deny without prejudice Defendant's motion

for summary judgment and direct CBP to provide additional information regarding its search for responsive records, or, if appropriate, to conduct additional searches.

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal citation and quotation marks omitted). "At the summary judgment stage, where the agency has the burden to show that it acted in accordance with the statute, the court may rely on '[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and *averring that all files likely to contain responsive materials (if such records exist) were searched*.'" *Id.* at 326 (emphasis added) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *see also DiBacco v. U.S. Army*, 795 F.3d 178, 188 (D.C. Cir. 2015) (same). Summary judgment must be denied "if a review of the record raises substantial doubt, particularly in view of well defined requests and positive indications of overlooked materials[.]" *DiBacco*, 795 F.3d at 188 (internal citation and quotation marks omitted).

In his two declarations, Mr. Howard attests that he is "familiar with [Defendant's] procedure for responding to FOIA requests," that he is familiar with the FOIA request at issue in this case. Howard Decl. ¶¶ 1–4, 5. Mr. Howard explains that, upon review of Plaintiff's FOIA request, CBP identified four internal CBP offices that would "likely" have records related to "(1) a traveler encounter at the Otay Mesa or San Ysidro ports of entry and (2) the investigation of a complaint alleging misconduct in connection with such an encounter." Suppl. Howard Decl. ¶ 8. According to Mr. Howard, those offices include the "CBP's Office Professional Responsibility, Office of Field Operations, U.S. Border Patrol, Office of Information Technology, and Office of Chief Counsel." *Id.* Mr. Howard's Declarations then describe the searches conducted by these

internal CBP units and the results of those searches.  *See* Howard Decl. ¶ 7; Suppl. Howard Dec. ¶ 8.

Although Mr. Howard's declarations indicate that particular offices within CBP were selected because they were "likely" to have responsive records, Suppl. Howard Decl. ¶ 8, they *do not* contain any averment that all locations "likely to contain responsive materials" were searched. *Valencia-Lucena*, 180 F.3d at 325.  To be sure, an agency "need not search every one of its record systems." *Huntington v. U.S. Dep't of Commerce*, 234 F. Supp. 3d 94, 103 (D.D.C. 2017).  But it must provide a "reasonably detailed affidavit . . . averring that all files likely to contain responsive materials . . . were searched[ ]" to "afford a FOIA requester an opportunity to challenge the adequacy of the search and to allow the district court to determine if the search was adequate in order to grant summary judgment." *Oglesby*, 920 F.2d at 68.

"Where the government has not made such an attestation, courts have typically found that an issue of material fact exists as to the adequacy of the search." *Am. Immigration Council v. Dep't of Homeland Sec.*, 21 F. Supp. 3d 60, 71 (D.D.C. 2014) (internal quotation marks and citation omitted).  Courts in this jurisdiction have consistently denied summary judgment to an agency when its supporting affidavit fails to "aver[ ] that all locations likely to contain responsive records were searched." *New Orleans Workers' Center for Racial Justice v. USCIS*, 373 F. Supp. 3d 16, 36 (D.D.C. 2019); *see also, e.g.*, *Huntington*, 234 F. Supp. 3d at 103; *Am. Immigration Council*, 21 F. Supp. 3d at 71; *Jefferson v. Bur. of Prisons*, No. 05-848, 2006 WL 3208666, at * 6 (D.D.C. Nov. 7, 2005).  For example, in *New Orleans' Workers Center*, the court found insufficient the agency affiant's assertion that "three offices likely to have responsive records" were identified and "instructed . . . to conduct a comprehensive search for responsive records."  373 F. Supp. 3d at 36–37 (cleaned up).  The court noted that such statements "fail[ed]to invoke the magic words

concerning the adequacy of the search—namely the assertion that [the agency] searched *all* locations likely to contain responsive records." *Id.* at 37 (quoting *Huntington*, 234 F. Supp. 3d at 103). This deficiency "preclude[d] summary judgment for the defendant." *Id.* Similarly, in *Huntington*, the court found that the agency's affidavit "d[id] not pass muster" when it indicated only that the agency had "identified offices reasonably likely to have responsive information and those offices conducted a reasonable search for responsive records." 234 F. Supp. 3d at 104. Based on the "absence of an affidavit containing the specific assertion that [the agency] searched *all* locations likely to contain responsive records," the court concluded that the agency's affidavit was "facially flawed" and that a "genuine issue of material fact remain[ed] as to whether the agency's efforts were sufficient." *Id.* at 104.

Similar to the affidavits at issue in *New Orleans Workers* and *Huntington*, Mr. Howard's Supplemental Declaration indicates only that certain offices within CBP would "likely" have responsive records, *see* Suppl. Howard Decl. ¶ 8, but neither declaration indicates that CBP searched "all files likely to contain responsive materials[.]" *Oglesby*, 920 F.2d at 68. This deficiency precludes the Court from granting summary judgment in CBP's favor as to the adequacy of its search for records responsive to Plaintiff's FOIA request.

In addition, Plaintiff contends in her Opposition that CBP failed to consider "obvious leads" for additional email custodians. *See* Pl.'s Opp'n at 6. Mr. Howard attests that CBP searched the emails of the five CBP officials "identified in a report of investigation prepared in response to Plaintiff's complaint to CBP." Def.'s Reply at 4; *see* Suppl. Howard Decl. ¶ 8(a) (explaining that CBP conducted a search of the "email accounts of five CBP employees identified as potential witnesses to the encounter between Plaintiff and CBP," and that these "five employees were identified based on a review of the report of investigation prepared in response to Plaintiff's

complaint to CBP"). In response to Plaintiff's FOIA request, CBP produced to her an email from a CBP Branch Chief, requesting that another official "prepare and forward the requested Incident Report for Supervisor [Redacted]." Pl.'s Opp'n Ex. 1, ECF No. 28-2. In response, the CBP employee indicated, "Attached you will find the memo." *Id.* As Plaintiff observes, the "to" and "from" fields in this email chain appear to contain far more than five addresses."[3] Pl.'s Opp'n at 7. Plaintiff suggests that any additional recipients were "obvious leads" as potential custodians for responsive records, which CBP "ignore[d]" by not conducting searches of *those* employees' emails. *Id.*

CBP is correct that FOIA does not obligate it to "search every single individual who may be on an electronic mail message." Def.'s Reply at 5. However, in light of its failure to aver that it searched all locations likely to have responsive records, the Court cannot determine whether its decision not to consider these potential email custodians was reasonable. The Court reaches no conclusion as to whether CBP's decision not to search the emails of those recipients was reasonable or not; it merely concludes that CBP has offered insufficient information to sustain its burden. Based on these deficiencies, the Court shall not grant summary judgment in CBP's favor at this time.

Although the Court finds that CBP has not carried its burden as to the adequacy of its search, it shall briefly address Plaintiff's claims that CBP failed to comply with Federal Rule of Civil Procedure 56 and Local Civil Rule 7. Although the Court does not rely on either argument in denying CBP's summary judgment motion, it briefly addresses both arguments to avoid repetition in any subsequent briefing in this case.

---

[3] Plaintiff has submitted this email with her Opposition, which redacts the email addresses and names in the email "to"/"cc" and "from" lines. At this time, the Court is not addressing the propriety of these redactions. However, the Court observes that Plaintiff appears to be correct that each of the fields is multiple lines long.

First, Plaintiff argues that Mr. Howard's declaration does not comply with Federal Rule of Civil Procedure 56 because he fails to "allege personal knowledge about the records and offices in this case," but instead asserts only "personal knowledge of CBP's FOIA procedures for searching and processing [records]." Pl.'s Opp'n at 4, 5; *see also id.* at 5 (contending that Mr. Howard "fails to allege familiarity with the responsive records or agency offices and systems of records at issue in this case"). The same case cited by Plaintiff in support of this argument summarizes its flaw: "Plaintiff misconstrues what Rule 56 requires in the FOIA context." *Wisdom v. U.S. Trustee Prog.*, 232 F. Supp. 3d 97, 115 (D.D.C. 2017). A "FOIA declarant may satisfy that rule's personal-knowledge requirement if in his declaration, [he] attest[s] to his personal knowledge of the procedures used in handling [a FOIA] request and his familiarity with the documents in question." *Id.* (internal citations and quotation marks omitted). In *Wisdom*, for example, the court concluded that the agency's affiant satisfied Rule 56's personal knowledge requirement by attesting that he is "responsible for agency compliance with FOIA," has "direct involvement in the processing of responses and requests for access to [the agency's] records and information," and that his statements are "based upon my personal knowledge, upon information provided to me in my official capacity[.]" 232 F. Supp. 3d at 115 (internal quotation marks omitted). Mr. Howard's declaration contains substantially similar representations. *See, e.g.*, Howard Decl. ¶ 1 ("I oversee . . . processing of requests for records submitted to CBP pursuant to the FOIA[.]"); *id.* ¶ 2 ("I . . . assist with FOIA litigation matters and I am personally familiar with the processing of FOIA responses[.]"); *id.* ¶ 3 ("All information contained herein is based upon information furnished to me in my official capacity and the statements I make in this declaration are based on my personal knowledge, which includes knowledge acquired through, and agency files reviewed in, the course of my official duties as Branch Chief in CBP's FOIA Division."); *id.* ¶ 5 ("I am familiar with the

9

FOIA request submitted by [Plaintiff][.]"). Mr. Howard's declaration satisfies Rule 56's personal knowledge requirement, as applied to the FOIA context.

Next, Plaintiff contends that CBP has failed to comply with Local Civil Rule 7(h)(1), which requires a summary judgment movant to file a "statement of material facts as to which the moving party contends there is not issue." LCvR 7(h)(1) (emphasis added). Plaintiff contends that CBP's Statement of Undisputed Material Facts "neglects to identify which material facts cited in the Howard Declaration" are undisputed. Pl.'s Opp'n at 2. But that is not required by the local rule, which directs the party *opposing* a motion for summary judgment to set forth the facts as to which it contends "there exists a genuine issue[.]"[4] LCvR 7(h)(1). Plaintiff also argues that CBP's Statement of Undisputed Material Facts is not sufficiently detailed as to the adequacy of the search because it indicates only that CBP conducted a search for responsive records, with a citation to the portion of Mr. Howard's Declaration describing the scope and methodology of the search in more detail. *See* Pl.'s Opp'n at 3–4. Although Plaintiff contends that CBP's Statement fails to "delineate which facts support its contention that the search was adequate," *id.* at 4, the Court finds that the citation to Mr. Howard's affidavit is sufficient for this purpose. In other words, it is clear to the Court which facts in Mr. Howard's affidavit support its claim that the search was adequate.

## IV. CONCLUSION

Because the Court concludes that CBP has failed to sustain its burden of demonstrating that its searches were adequate, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion for Summary Judgment. At this time, the Court will not address the remaining issues

---

[4] In this jurisdiction, a party moving for summary judgment to file a "statement of material facts as to which *the moving party contends there is no genuine issue*." LCvR 7(h)(1) (emphasis added). The party opposing the motion must then file a "separate concise statement of genuine issues setting forth *all material facts as to which it is contended there exists a genuine issue necessary to be litigated*." LCvR 7(h)(1) (emphasis added) .

10

pertaining to withholdings and redactions. Instead, the Court shall order CBP shall file a Status Report by no later than **MARCH 31, 2022**, indicating how it intends to proceed with either (1) conducting additional searches and a proposed date for their completion; or (2) supplementing the information provided to the Court and renewing its motion for summary judgment. Following Defendant's additional searches, if necessary, the parties can file renewed motions for summary judgment addressing all disputed withholdings and redactions in order to avoid piecemeal litigation. An appropriate Order accompanies this Memorandum Opinion.

                                                            /s/
                                                       COLLEEN KOLLAR-KOTELLY
                                                       United States District Judge

**Date**: March 14, 2022