**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

FLETA SABRA,

               *Plaintiff,*

       v.

U.S. CUSTOMS AND BORDER
PROTECTION,

               *Defendant.*

      Civil Action No. 20-0681 (CKK)

---

**DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Defendant U.S. Customs and Border Protection ("CBP") respectfully renews its Motion for Summary Judgment in this Freedom of Information Act ("FOIA") case.   The singular issue addressed herein is the adequacy of CBP's search for responsive records.   As explained in the Second Supplemental Declaration of Patrick Howard (Gov. Exh. A),[1] CBP did search all files likely to contain responsive records and provided non-exempt records to Plaintiff.   Accordingly, the Court should find that CBP has satisfied its search obligations and enter judgment in its favor on this issue.

**BACKGROUND**

For the sake of brevity, CBP respectfully refers the Court and Plaintiff to the March 14, 2022 Memorandum Opinion (ECF No. 32),[2] which sets forth the relevant background information and identifies the issue for purposes of this renewed summary judgment motion.

---

[1] The Second Supplemental Declaration of Patrick Howard, attached herein, is cited as "Sec. Supp. Howard Decl."

[2] The Court's March 14, 2022 Memorandum Opinion (ECF No. 32) is referred to as "Memorandum Opinion" and cited as "Mem. Op."

CBP also refers the Court and Plaintiff to the Second Supplemental Howard Declaration (Gov. Exh. A) for additional background facts.

The Court denied CBP's Motion for Summary (ECF No. 24) as to the adequacy of its search, holding that CBP's supporting declarations failed to explain whether "all files likely" to contain responsive documents were searched.   Mem. Op. 6-8.   The Court noted that the two declarations by Patrick Howard described the searches conducted by various internal CBP units and the results of those searches.   *Id.* at 5-6.   The Court, however, observed that the declarations failed to aver that "all locations likely to contain responsive materials were searched."   *Id.* (internal quotations and citation omitted). The Court explained that, under the law, CBP's failure to assure that "all files likely" to contain responses information were searched compelled the Court to deny summary judgment on the search issue.   *Id.* 6-7 (citing cases). Consequently, the Court directed CBP to either (1) conduct additional searches or (2) supplement its search information provided to the Court. *Id.* at 11; *see* also ECF No. 31.   The Court further noted that, to avoid piecemeal litigation, the Court does not address the remaining issues relating to CBP's withholdings and redactions. *Id.* at 1, 11.   CBP hereby addresses the Court's concerns relating to the agency's search.

## LEGAL STANDARD

Again, for brevity's sake, CBP respectfully refers the Court to the "Legal Standard" articulated in the Court's Memorandum Opinion. Furthermore, CBP incorporates and adopts herein the "Legal Standard" set forth in its initial Motion for Summary Judgment (ECF No. 24-1, p. 6-8).

**ARGUMENT**

**I.    All Files Likely To Have Responsive Documents Were Searched**

Heeding the Court's critique, CBP reevaluated its search and can now confirm that "[a]ll agency files and records likely to contain responsive records were searched by [various] CBP offices." *See* Sec. Supp. Howard Decl. ¶ 8.   The Second Supplemental Howard Declaration explains that, in response to Plaintiff's FOIA requests, CBP identified all offices that would have the relevant records. *Id.*   Those offices included: (i) CBP Office of Professional Responsibility (OPR"); (ii) Office of Field Operations ("OFO"); (iii) U.S. Border Patrol; (iv) Office of Information Technology ("OIT"); (v) and Office of Chief Counsel.   *Id.* The declaration goes on to describe in detail the searches performed by the four offices likely to contain responsive records and confirms that the fifth office (U.S. Border Patrol) was not, given the nature of the encounter at issue, likely to have any responsive records.   *Id.*   At base, the Second Supplemental Howard Declaration confirms that CBP searched all agency files and records likely to contain responsive material.   *Id.* ¶¶ 7, 8.   Given that agency declarations attesting to a reasonable search "are afforded a presumption of good faith," *Defenders of Wildlife v. U.S. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004), the additional search descriptions in the Second Supplemental Howard Declaration demonstrate that CBP has conducted an adequate search for responsive records, as required under FOIA jurisprudence.   The Court, therefore, should award summary judgment in CBP's favor on this issue.

**II.    It Was Reasonable For CBP Not To Search Files of All Individuals On An Email**

In response to CBP's summary judgment motion, Plaintiff suggested the files of all individuals listed on an email should have been searched.   Mem. Op. at 7-8 (internal citation

omitted).   The Court rejected this intimation and found CBP was correct in pointing out that the FOIA does not require an agency to search every single individual who may appear on an email. *Id*. at 8 (internal citation and quotation omitted). The Court, however, remarked that, "in light of [CBP's] failure to aver that it searched all locations likely to have responsive records, the Court cannot determine whether its decision not to consider these potential email custodians was reasonable." *Id.*   The Court did not opine either way whether CBP's decision not to search the emails of those recipients was reasonable or not.   *Id.*

Based on the Court's observation, CBP confirms that it was unnecessary to search the emails of other individuals on the affected email. *See* Sec. Suppl. Howard Decl. ⁋ 9.   Indeed, the declaration explains that, because "CBP has searched all files likely to contain responsive materials, including the emails of all five CBP officials identified as potential witnesses to the encounter between Plaintiff and CBP, it was entirely reasonable for the Agency not to needlessly search the emails of all other individuals appearing on an electronic mail message which included the five CBP officials." *Id.*   Given these facts, the Court should find that it was reasonable for CBP not to search all individuals appearing on the email at issue.

### III.    CBP's Withholdings and Redactions.

The Court's Memorandum Opinion permits the parties to renew their motions for summary judgment addressing all disputed withholdings and redactions. Mem. Op. at 11.[3]  In that vein, CBP stands by the arguments made in its initial Motion for Summary Judgment (ECF No. 24) and Reply (ECF No. 29) as to the agency's withholdings and redactions. Therefore, to

---

[3]      To be clear, Plaintiff did not a cross-motion for summary judgment when it responded to Defendant's Motion for Summary Judgment. Mem. Op. at 1.

advance judicial economy and avoid duplicative submissions, CBP respectfully incorporates and adopts herein the arguments sustaining its withholdings and redactions under FOIA Exemptions 5, 6, 7(C), 7(E), and 7(F) as asserted in its previously filed Motion for Summary Judgment (ECF No. 24), and Reply (ECF No. 29), including all accompanying exhibits and declarations thereto.[4] CBP further incorporates and adopts its arguments relating to the agency's segregability obligations as set forth in those two submissions.

## CONCLUSION

For the foregoing reasons and those set forth in CBP's Motion for Summary Judgment (ECF No. 24) and Reply (ECF No. 29), the Court should grant CBP's Renewed Motion for Summary Judgment and enter judgment in the agency's favor.

Dated: June 3, 2022                     Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        D.C. Bar. #481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division


                        By:     _____//s//_____
                                        JOHN C. TRUONG
                                        D.C. BAR #465901
                                        Assistant United States Attorney
                                        601 D Street, N.W.
                                        Washington, D.C. 20530
                                        Tel: (202) 252-2524
                                        E-mail: John.Truong@usdoj.gov
                                        Counsel for Defendant

---

[4]     Should the Court find it necessary for CBP to resubmit its arguments on the withholdings and redactions in a separate filing, the agency stands ready to do so.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FLETA SABRA,

                     *Plaintiff,*

        v.

U.S. CUSTOMS AND BORDER
PROTECTION,

                     *Defendant.*

Civil Action No. 20-0681 (CKK)

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE
IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 7(h), Defendant U.S. Customs and Border Protection ("CBP") respectfully submits this Statement of Material Facts Not in Genuine Dispute in support of its Renewed Motion for Summary Judgment.

1. CBP incorporates and adopts herein the Statement of Material Facts (ECF No. 24-2) previously submitted in support of its Motion for Summary Judgment.[5]

2. In response to Plaintiff's FOIA request, CBP conducted an extensive search for responsive records from March 24 – April 28, 2020, and again in October 2020 based on a supplemental request for additional records. Sec. Suppl. Howard Decl. ¶ 7.

3. The offices identified as likely to have such records were the CBP Office of Professional Responsibility, Office of Field Operations, U.S. Border Patrol, Office of Information Technology, and Office of Chief Counsel. *Id.* ¶ 8.

---

[5]    The Court rejected Plaintiff's challenge to the adequacy of CBP's Statement of Material Facts and found that it complied with Civil Local Rule 7(h).  *See* Mem. Op. at 10.

4.  All agency files and records likely to contain responsive records were searched by these

    CBP offices. *Id.*

5.  All responsive, non-exempt records were provided to Plaintiff. *See* ECF No. 24-2, ¶ 4.

Dated: June 3, 2022                    Respectfully submitted,

                                       MATTHEW M. GRAVES
                                       D.C. Bar. #481052
                                       United States Attorney

                                       BRIAN P. HUDAK
                                       Chief, Civil Division


                              By:      _____//s//_____
                                       JOHN C. TRUONG
                                       D.C. BAR #465901
                                       Assistant United States Attorney
                                       601 D Street, N.W.
                                       Washington, D.C. 20530
                                       Tel: (202) 252-2524
                                       E-mail: John.Truong@usdoj.gov
                                       Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FLETA SABRA,

            *Plaintiff,*

            v.                                        Civil Action No. 20-0681 (CKK)

U.S. CUSTOMS AND BORDER
PROTECTION,

            *Defendant.*

**[PROPOSED] ORDER**

        Upon consideration of Defendant's Renewed Motion for Summary Judgment, Plaintiff's

Opposition thereto, and the entire record herein, it is this _____ day of _____, 2022,

        ORDERED that Defendant's Renewed Motion for Summary Judgment is hereby

GRANTED; and

        IT FURTHER ORDERED that judgement is hereby entered in Defendant's favor.

        SO ORDERED.

                                        _____
                                        United States District Judge

8