UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FLETA CHRISTINA C. SABRA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. CUSTOMS AND BORDER )<br>PROTECTION, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:20-cv-00681-CKK |

**SECOND SUPPLEMENTAL DECLARATION OF PATRICK A. HOWARD**

I, Patrick A. Howard, declare as follows:

1. I am a Branch Chief in the Freedom of Information Act (FOIA) Division, Privacy and Diversity Office, Office of the Commissioner, U.S. Customs and Border Protection (CBP). I have been a Branch Chief in the FOIA Division in Washington, D.C. since February 8, 2015. In this capacity, I oversee a staff of Government Information Specialists, the processing of requests for records submitted to CBP pursuant to the FOIA, the processing of certain requests submitted to CBP pursuant to 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and other activities conducted pursuant to applicable records access provisions.

2. I am familiar with CBP's procedures for responding to FOIA requests. I provide technical and administrative supervision and direction to a group of Government Information Specialists responsible for processing requests for release of CBP documents and information, assist with FOIA litigation matters, and I am personally familiar with the processing of FOIA responses, including, at times, by directly reviewing for adequacy and compliance with federal laws and regulations.

3. All information contained herein is based upon information furnished to me in my official capacity, and the statements I make in this declaration are based on my personal knowledge, which includes

Gov. Exh. A - Renewed MSJ

knowledge acquired through, and agency files reviewed in, the course of my official duties as Branch Chief in CBP's FOIA Division. I have also reviewed the Court's Memorandum Opinion dated on March 14, 2022.

4. I incorporate herein all of the statements made in my two prior declarations previously submitted to the Court (ECF No. 24-3 and ECF No. 29-1). The purpose of this declaration is to supplement the two declarations that I have provided to supply further information on CBP's search of all files likely to contain responsive information.

## PLAINTIFF'S REQUEST TO CBP

5. I am familiar with the FOIA request submitted by Fleta Christina Sabra (hereinafter Plaintiff) and received by the CBP FOIA Office on May 5, 2017 and CBP's actions to respond to the request. I am also familiar with the Plaintiff's allegations in this litigation.

6. In her FOIA request, Plaintiff requested all agency records related to the encounter between plaintiff and CBP officials on or about September 11–12, 2015 at the Otay Mesa or San Ysidro ports of entry.

## CBP'S RESPONSE TO PLAINTIFF'S REQUEST

7. In response to Plaintiff's Request, CBP conducted an extensive search for responsive records from March 24 – April 28, 2020, and again in October, 2020 based on a supplemental request for additional records. The searches conducted by the CBP offices detailed below included searches of all agency files and records likely to contain responsive material.

8. Because Plaintiff requested all agency records related to her encounter with CBP officials on or about September 11-12, 2015 at the Otay Mesa or San Ysidro ports of entry, and because Plaintiff filed a complaint alleging officer misconduct in connection with that encounter, CBP identified all offices that would have records related to (1) a traveler encounter at the Otay Mesa or San Ysidro ports of entry and

(2) the investigation of a complaint alleging misconduct in connection with such an encounter. The offices identified as likely to have such records were the CBP Office of Professional Responsibility, Office of Field Operations, U.S. Border Patrol, Office of Information Technology, and Office of Chief Counsel. Each of these offices was contacted by the CBP FOIA division and directed to conduct searches for all agency files and records likely to contain responsive records. All agency files and records likely to contain responsive records were searched by the following CBP offices:

    a.    CBP's Office of Information Technology (OIT) conducted a search of the e-mail accounts of five CBP employees identified as potential witnesses to the encounter between Plaintiff and CBP. The five employees were identified based on a review of the report of investigation prepared in response to Plaintiff's complaint to CBP. OIT ran a search of these five employees' email, both sent and received, between September 11, 2015, and March 10, 2016 (the date identified by Plaintiff as the date of the encounter with CBP through the following six months), for the following six disjunctive search terms:

1. Sabra
2. Cousinsabra
3. Cousin-Sabra
4. Syria
5. Syrian
6. Syrians

The e-mail search located approximately 155 potentially responsive e-mail messages, comprising 13,794 pages of records. Of those, 13,740 pages were nonresponsive and 54 pages of responsive records were released to plaintiff, subject to redactions.

Gov. Exh. A - Renewed MSJ

b.      CBP's Office of Field Operations (OFO) conducted a search of the Secured Integrated Government Mainframe Access (SIGMA) database, using information contained in an unredacted version of the I-213 that CBP provided to Plaintiff in redacted form on or about August 5, 2016. This search located one responsive four-page document, which was released to plaintiff, subject to redactions. In the SIGMA database, CBP maintains records related to secondary inspections, including interview information and records related to any findings of inadmissibility or immigration status, as well as records related to travelers held in custody at a CBP port of entry.

c.      CBP's OFO conducted a second search of the SIGMA database, based on a request from plaintiff to search for additional records related to the individuals with whom plaintiff was traveling on the day of her interaction at the CBP port of entry. This search located 147 pages of responsive records, which were released to plaintiff, subject to redactions.

d.      OFO also conducted a search of the Enforcement Action Statistical Analysis and Reporting System (E-STAR), using the encounter location, encounter date, and Plaintiff's full name. OFO reviewed all reported uses of force in the San Diego Field Office (which includes both the Otay Mesa and San Ysidro Ports of Entry) for the entire month of September 2015, as well as the months of August and October. This search located no records responsive to Plaintiff's request. In the E-STAR database, CBP maintains records related to all use of force incidents and assaults.

e.      CBP's Office of Professional Responsibility (OPR) conducted a search of the Joint Integrity Case Management System (JICMS), using Plaintiff's full name and date of birth. This search located an 89-page Report of Investigation (ROI) with evidentiary exhibits, including three recorded interviews, as well as audio and video recordings of the encounter at the port of entry. The ROI and the video/audio recordings were released to plaintiff, subject to redactions. CBP uses the JICMS database to record claims of employee misconduct, manage criminal and administrative

investigations, and to track employee and contractor disciplinary actions. Privacy Impact Assessment, Joint Integrity Case Management System (JICMS) DHS/CBP/PIA-044 (July 18, 2017), at 1, https://www.dhs.gov/sites/default/files/publications/privacy-pia-cbp044-jicms-july2017.pdf.

f.  A review of CBP's Chief Counsel Tracking System (CCTS) for "Sabra," "Cousinsabra," or "Cousin-Sabra," located six potentially responsive documents. Three of these documents were withheld in full under exemption (b)(5), as attorney work-product privileged information. The other three documents are official documents from Plaintiff's prior Federal Tort Claims Act (FTCA) administrative claim and subsequent FTCA lawsuit against CBP in the Southern District of California, including Plaintiff's 12-page FTCA administrative claim, Plaintiff's 10-page FTCA complaint filed in the Southern District of California, and Plaintiff's two-page JS 44 Civil Cover Sheet from that complaint; as well as another copy of the 89-page OPR ROI discussed above. These responsive records were released to plaintiff, subject to redactions. CBP Chief Counsel uses the CCTS system to document case data information for CBP legal matters. *See* Privacy Impact Assessment, CBPnet DHS/CBP/PIA-043 (May 10, 2017), at 2–3 (https://www.dhs.gov/sites/default/files/publications/privacy-pia-cbp043-cbpnet-may2017.pdf.

g.  The office of the U.S. Border Patrol was asked to search for any responsive records, but that unit confirmed that because the encounter at issue occurred at a CBP Port of Entry, the Border Patrol would not have any records related to the encounter.

9.  Because CBP has searched all files likely to contain responsive materials, including the emails of all five CBP officials identified as potential witnesses to the encounter between Plaintiff and CBP, it was entirely reasonable for the Agency not to needlessly search the emails of all other individuals appearing on an electronic mail message which included the five CBP officials.

I declare under a penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

Signed this 3rd day of June, 2022.

*Patrick Howard*

Patrick A. Howard, Branch Chief

FOIA Division
Privacy and Diversity Office
Office of the Commissioner
U.S. Customs and Border Protection
U.S. Department of Homeland Security